UNITED STATES, Appellee

v.

Anthony W. GILLENWATER, Sergeant
U.S. Air Force, Appellant.

No. 94–1212.
CMR No. 29854.

U.S. Court of Appeals for
the Armed Forces.

Argued May 31, 1995.

Decided Sept. 26, 1995.

For Appellant: *Lieutenant Colonel Joseph L. Heimann* (argued); *Colonel Jay L. Cohen* (on brief); *Captain William B. Cox.*

For Appellee: *Colonel Jeffery T. Infelise* (argued); *Colonel Thomas E. Schlegel and Major John H. Kongable.*

## Opinion of the Court

CRAWFORD, Judge:

1. Contrary to his pleas, appellant was convicted by general court-martial members [1] of wrongful appropriation and violation of a lawful general regulation by possessing drug paraphernalia, in violation of Article 121 and 92, Uniform Code of Military Justice, 10 USC §§ 921 and 892, respectively. The convening authority approved the sentence of a bad-conduct discharge and reduction to the lowest enlisted grade. On May 26, 1994, the Court of Military Review [2] affirmed the findings of guilty and the sentence.[3] Unpub. op. at 4.

2. We granted review on the following issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY FAILING TO INSTRUCT THE MEMBERS ON THE AFFIRMATIVE DEFENSE OF MISTAKE OF FACT AS TO CHARGE 1 AND ITS SPECIFICATION.

We hold that the failure to instruct the members on the affirmative defense of mistake of fact was prejudicial error. Art. 59(a), UCMJ, 10 USC § 859(a).

## FACTS

3. Appellant was assigned as a heavy maintenance team member, 63rd Aircraft Generation Squadron (AGS), Norton Air Force Base, California. Specifically, appellant worked in the Self–Help Store in the Maintenance Squadron. The mission of the Self–Help store was to complete renovations and remodeling projects on the base. When appellant began working at the shop, his supervisor was Staff Sergeant (SSgt) E, who so remained for 15 months. When SSgt E left the shop in November 1990, appellant assumed the supervisory role.

4. Appellant and his wife had been having some serious marital problems. His wife told an agent of the Air Force Office of Special Investigations (OSI) that her husband had abused her. There is conflicting testimony in the record about how the issue of government property being in appellant's possession came to the attention of the OSI. In any event, the OSI obtained Mrs. Gillenwater's consent to search the family home. The charges before us stem from that search of the family home on June 4, 1991, as well as a second search of the family home the following day and a search of appellant's self-storage area on June 12, 1991. Those searches led to the discovery of many items, primarily tools, which were believed to belong to the United States Government. As a result of the searches, appellant admitted that some of the items found at his residence and in his storage unit were for his personal use.

5. Appellant was subsequently charged with, *inter alia,* larceny of military property. Based on the evidence presented at trial, defense counsel stressed in his closing argument that appellant never intended to permanently deprive the Government of the property found in his possession. Defense counsel also argued that appellant believed, perhaps mistakenly, that he had permission

1. Military judges are reminded that, in a members' trial, RCM 813(a)(4), Manual for Courts-Martial, United States, 1984, requires that the names of the court members be announced at the beginning of the first session where the members are present. That was not done in this case.

2. *See* 41 MJ 213, 229 n. * (1994).

3. The Court of Military Review "disapprove[d] the findings of guilty concerning ... five items" of property "and reassess[ed] the sentence." Unpub. op. at 4. However, the specification did not list any items of property; rather it merely stated that appellant "did ... [place and time] steal military property of a total value of more than $100.00, the property of the United States." The military judge did not list any items of property in his instructions on findings either. (R. 610–13, 620–23.) This was by agreement with counsel. (R. 113.) Thus, the members were not required to make findings as to specific items of property. If the bill of particulars (Appellate Exhibit VI) were given to the members, it was only as a listing for their convenience. (R. 622.) The net effect of what the court below did was to exclude the five listed items from evidence at any rehearing. We do not disturb that ruling.

to take these items home for personal or government projects. Counsel further argued that it was not unreasonable for appellant to use all of these items in setting up what amounted to a "de facto" government shop. Counsel also argued that SSgt E, who had testified at trial, had a vested interest in hedging his position as to what permission he gave appellant because he did not wish to admit that he was derelict in his duties by allowing appellant to take all these items home.

6. At first blush it would appear that there could not possibly have been an honest mistake of fact as to some of the almost 60 items found in appellant's possession. For example, as trial counsel stated in his closing argument, "I would defy the defense to explain how he [appellant] just sort of borrowed those [floor tiles and paint] to be used up in his home. Was he going to tear up the tiles when he got done? Was he going to scrape the paint off the wall and return it to the Government?"

7. The only way to come to the conclusion that a piecemeal approach to a mistake-of-fact instruction is an incorrect approach, *i.e.,* through categorizing all the items in evidence according to whether they would be consumed by use, is to look at all the evidence in the light that it may have been used for a government project at home. This is the tack that defense counsel took in his closing argument.

8. The evidence at trial included a Stipulation of Expected Testimony of Mr. Charles Schrader, a former airman. This stipulation was that the supervisor, SSgt E, would allow individuals to take tools home for personal use. Schrader believed that they could take tools home for as long as they wanted, provided they eventually returned them. Schrader also stated that he had gone with appellant to appellant's home approximately a month or two prior to the seizure of the items in evidence. This was purportedly so appellant could retrieve and return the borrowed items to the shop prior to his departure [a transfer].

9. The primary witness, however, was SSgt E, appellant's former supervisor. There was a great deal of testimony by SSgt E which is relevant to the issue of a mistake-of-fact instruction. SSgt E testified that he gave appellant permission to take things home for government use and may have given him permission to take things home for appellant's personal use. He also acknowledged that appellant had worked on several government projects at home. The only stipulation to borrowing, SSgt E stated, was that appellant let him know what he was taking. SSgt E also stated that things had to be brought back within a reasonable time and he never had any problem with appellant's bringing things back in a timely manner. SSgt E also acknowledged that there was no "written policy" about borrowing government property and it was a "normal practice for [other] Self–Help workers ... to have military property at home" for government projects. Finally, SSgt E had no knowledge of appellant's borrowing tools without permission or acknowledgement, never saw stolen government property at appellant's house, never suspected appellant of taking such property, and did not think appellant "would do something like that."

10. At the close of hearing evidence on the merits, the judge held an Article 39(a), UCMJ, 10 USC § 839(a), session in order to discuss panel instructions. Defense counsel requested the affirmative-defense instruction of a mistake of fact, to wit: if SSgt E gave appellant "permission to take tools home for private use," then appellant was acting "under the mistaken fact that" such action "would be legitimate or okay because that was the practice in the Self–Help Store or in the Self–Help section of AGS." The judge declined to give that instruction because he believed that would not have been "a mistake" but, rather, "a lack of the element" of intent.

11. The judge did instruct the members to "consider all the facts and circumstances presented by the evidence, including any evidence that the accused may have believed that he was authorized to take the property home."

12. On appeal to the Court of Military Review, that court agreed with the judge

that there was insufficient evidence to raise the mistake-of-fact defense concerning most of the items. Nevertheless, they did find error in the judge's failure to give a mistake-of-fact instruction on five of the items.[4] Due to this holding, the court disapproved the finding of guilty concerning those five items and reassessed the sentence. Unpub. op. at 3–4.

13. Appellate defense counsel has argued that the military judge and the court below erred in failing to require an instruction concerning the affirmative defense of mistake of fact. Final Brief at 7–8. We agree.

## DISCUSSION

14. Article 51(c), UCMJ, 10 USC § 851(c), requires the trial judge to instruct the members on the presumption of innocence, burden of proof, and the Government's burden to prove appellant's guilt beyond a reasonable doubt. Early on, this Court emphasized that this requires that the court-martial be given a "framework of legal issues to which the evidence must be fitted in order to render intelligent findings." *United States v. Ginn*, 1 USCMA 453, 456, 4 CMR 45, 48 (1952). "Applying these standards" to the question of affirmative defenses, the Court held that the members must be informed of "affirmative defenses ... where properly raised." *Id.* Later in *United States v. Steinruck*, 11 MJ 322, 324 (CMA 1981), the Court held that instruction on an affirmative defense is required when "reasonably raised.... Any doubt whether the evidence is sufficient to require an instruction should be resolved in favor of the accused." *See also United States v. Stewart*, 20 USCMA 300, 305, 43 CMR 140, 145 (1971).

15. RCM 920(e), Manual for Courts–Martial, United States, 1984, requires the judge to instruct on "special defense[s] under RCM 916" when "in issue." As the Discussion to RCM 920(e) provides: "A matter is 'in issue' when some evidence, without regard to its source or credibility, has been admitted upon which members might rely if they choose." Mistake of fact is a special defense under RCM 916(j).[5] The issue in this case is whether appellant unlawfully took or withheld the property "with the intent temporarily to deprive" the Government of "the use" of such property. Para. 46(b)(2), Part IV, Manual, *supra.* Appellant's honest but subjective mistake of fact as to his permission to take the items or an honest mistake of fact as to permission to temporarily hold the items would be a defense. *See United States v. Turner*, 27 MJ 217, 220 (CMA 1988).

16. If an affirmative defense such as mistake of fact is reasonably in issue, *see, e.g., United States v. Taylor*, 26 MJ 127, 128 (CMA 1988), the judge must give an instruction *sua sponte.* This instruction would allow the members to determine whether appellant had an honest belief which would be a defense to the wrongful-appropriation charge.

17. We hold that, based on the evidence presented, the judge erred in not giving the mistake-of-fact instruction. This error substantially prejudiced appellant's rights as to the wrongful-appropriation charge in this case. Art. 59(a).

The decision of the United States Air Force Court of Military Review as to Charge I and its specification and the sentence is reversed. The findings of guilty thereon and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered on Charge I and its specification and the sentence, or Charge I may be dismissed

---

4. *See* n. 3, *supra.*

5. This might be contrasted with what Judge Cox stated in *United States v. Greaves*, 40 MJ 432, 437 n. 5 (CMA 1994):

An arguably better conceptual model recognizes that, in most cases, each element of each offense contains its own *mens rea* component, often implicitly; and mistake of fact is seen not as a common law "affirmative defense," but merely as an attack on the *mens rea* component of the particular element.

and a rehearing on sentence based on the remaining findings of guilty may be held.

Chief Judge SULLIVAN and Judges COX, GIERKE, and WISS concur.