GIERKE, Judge (concurring in the result):
It has been said that “[n]o area of the substantive criminal law has traditionally been surrounded by more confusion than that of ignorance or mistake of fact or law.” 1 Wayne R. LaFave & Austin W. Scott, Substantive Criminal Law § 5.1(b) at 575 (1986). No doubt, this confusion arises in larceny cases because larceny has a specific intent element. See, e.g., United States v. Gillenwater, 43 MJ 10, 12 (1995) (judge erroneously failed to give mistake of fact instruction, believing that appellant’s mistake related only to a “ ‘lack of the element’ of intent”). Even the Supreme Court has recognized that the “venerable distinction” between general intent and specific intent “has been the source of a good deal of confusion.” United States v. Bailey, 444 U.S. 394, 403, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980).
For the reasons set out below, I agree with the majority’s conclusion that the military judge erred by instructing the members that appellant’s asserted mistake of fact was required to be both honest and reasonable. However, I reach that conclusion by a different route than the majority.
The statutory elements of larceny are (1) a wrongful taking, obtaining, or withholding; and (2) an intent permanently to do one of the following: (a) “deprive ... another person of the use and benefit of property”; (b) “defraud another person of the use and bene *7 fit of property”; (c) “appropriate it [the property] to his own use”; or (d) “appropriate it to ... the use of any person other than the owner[.]” Art. 121, UCMJ, 10 USC § 921. Although the term does not appear in the statute, “[t]hese intents are collectively called an intent to steal.” Para. 46c(l)(f)(l)(i), Part IV, Manual for Courts-Martial, United States (2000 ed.).[1] The first element of this offense requires only general intent. See Simmons v. United States, 554 A.2d 1167, 1170 (D.C.App.1989). The second element requires specific intent. See United States v. Turner, 27 MJ 217, 220 (CMA 1988).
This Court previously has recognized the distinction between general intent and specific intent elements in other offenses. See United States v. Peterson, 47 MJ 231, 234-35 (1997) (indecent assault includes both a general intent assault element and a specific intent element to satisfy the lust or sexual desires of the accused). RCM 916(j), Manual, supra, also recognizes this distinction. It provides:
If the ignorance or mistake goes to an element requiring premeditation, specific intent, willfulness, or knowledge of a particular fact, the ignorance or mistake need only have existed in the mind of the accused. If the ignorance or mistake goes to any other element requiring only general intent or knowledge, the ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances.
In order to avoid further confusion in this complex area of law, I believe that this Court must focus on the precise significance of an appellant’s claimed mistake of fact and ask two questions: (1) What is the specific fact about which the appellant claims to have been mistaken? and (2) To what element or elements does that specific fact relate? The majority resolves this case by focusing on the second element of larceny. Chief Judge Crawford’s dissent focuses on the first element.[2] In my view, appellant’s asserted mistake of fact in this case relates to both elements: (1) the wrongfulness of his act of obtaining the contact lenses; and (2) his specific intent to defraud the United States by issuing the contact lenses to persons who were not entitled to them.
Appellant asserted a mistake as to his authority to order the contact lenses for applicants who had prescriptions from the Optometry Clinic, but who had no documentation that the contact lenses were required for performance of duty. Appellant denied having both the general intent to wrongfully order the contact lenses and the specific intent to defraud the United States by ordering them for persons who were not entitled to them.
The majority opinion correctly states the rule: If the mistake goes to an element requiring only general intent, the mistake must be both honest and reasonable. However, if the mistake goes to an element requiring specific intent, the mistake need only be honest, i.e., exist in the mind of the accused.
Applying this rule in the present case, I believe that the military judge should have instructed the panel members that appellant’s mistake need only have been honest. If this case involved only a question of appellant’s general authority to order contact lenses, then the military judge’s instruction would have been correct. However, appel *8 lant’s asserted mistake of fact also raised the question of appellant’s specific intent to defraud the United States by issuing contact lenses to persons who were not entitled to them. If appellant honestly believed he was authorized to order the lenses for persons who had no documentation showing that the contact lenses were required for duty, then he had no specific intent to defraud the United States.
Of course, appellant’s mistake-of-fact defense did not require two separate instructions, with one pertaining to the general intent element and one pertaining to the specific intent element. Although the asserted mistake of fact went to both elements, an instruction pertaining to the specific intent element would have subsumed an instruction pertaining to the general intent element.
Because the members were not correctly instructed regarding the legal effect of appellant’s asserted honest mistake of fact on his specific intent to defraud the United States, I join the majority in reversing the decision below.

. All Manual provisions are the same as the version in effect at the time of appellant's court-martial.

. I agree with Chief Judge Crawford that this Court’s decisions in United States v. Gillenwater, 43 MJ 10 (1995), and United States v. Turner, 27 MJ 217 (CMA 1988), do not control the decision in this case, because those decisions did not examine the correctness of an instruction. Instead, they turned on the military judge’s failure to give any instruction on mistake of fact. In both cases, the asserted mistake of fact, if honest, would have negated the requisite specific intent. I also agree with Chief Judge Crawford’s conclusion that United States v. Rowan, 4 USCMA 430, 433, 16 CMR 4, 7 (1954), and United States v. Sicley, 6 USCMA 402, 20 CMR 118 (1955), address only the specific intent element of larceny and do not address the general intent element. Finally, although not mentioned by Chief Judge Crawford, I also believe that United States v. Ward, 16 MJ 341, 346 (CMA 1983), does not address the first statutory element of larceny but, instead, turns on the second element, i.e., specific intent.