CRAWFORD, Chief Judge (dissenting):
I would hold that the military judge did not abuse his discretion by instructing the members that appellant’s mistake related to the general intent element of “wrongful taking” and that the mistake had to be both “honest and reasonable.” Giving tens of free contact lenses to individuals not entitled to government contact lenses was neither honest nor reasonable. If the judge did err, any error was harmless because the record does not support the conclusion that appellant ever made an honest mistake of fact.
Facts
In September 1995, appellant began working in the Medical Logistics Office at Hans-com AFB clinic. Through the Medical Logistics Office, entitled personnel could obtain free contact lenses. Air Force personnel are entitled to free lenses if the lenses are required to perform their duties or if needed for a medical reason. All other personnel must order their contact lenses off base and pay for them out of their own pocket.
Appellant ordered lenses for his friends, irrespective of their eligibility, if they had a valid prescription. He did not make them hand over the prescription. They merely had to tell him what it was. Conversations occurred in the open about this practice. Appellant alleged that nobody thought it was unusual to order contact lenses. However, appellant reversed the spelling of the names of certain individuals on the purchase orders that he prepared. Additionally, evidence shows that the clinic would generate a local purchase request letter in all cases in which the military member was authorized to obtain contact lenses at government expense. Yet, there were no local purchase request letters generated for the contact lenses ordered by appellant for his friends.
Analysis
While perhaps appearing simple on its face, this issue requires a bit more complex analysis. That analysis involves recognition that there may be both general and specific intent elements. Well-established case law supports the conclusion that appellant’s mistake had to be both “honest and reasonable” in order to constitute a valid defense, because it related only to the general intent “taking” element within the crime of larceny.[1]
This Court’s standard of review with respect to member instructions is abuse of discretion. See United States v. Damatta-Olivera, 37 MJ 474, 478 (CMA 1993)(citing United States v. Smith, 34 MJ 200 (CMA 1992)). The test to determine if denial of a requested instruction constitutes error is whether (1) the charge is correct; (2) “it is *9 not substantially covered in the main charge”; and (3) “it is on such a vital point in the case that the failure to give it deprived defendant of a defense or seriously impaired its effective presentation.” Id. (quoting United States v. Winborn, 14 USCMA 277, 282, 34 CMR 57, 62 (1963)).
In order to arrive at the proper end in this case, a series of analytical steps must be taken. The starting point is the larceny statute itself. A textual analysis of the statute should be performed to break out every actus reus element and then assign it a particular mens rea — either general or specific intent. The next step is to determine what element of the crime the alleged mistake pertains to and appoint the appropriate mistake of fact test accordingly. For example, this case deals with larceny, which Article 121, Uniform Code of Military Justice, 10 USC § 921, defines as follows:
Any person subject to this chapter who wrongfully takes, obtains, or withholds, by any means, from the possession of the owner or of any other person any money, personal property, or article of value of any kind with intent permanently to deprive or defraud another person of the use and benefit of property or to appropriate it to his own use or the use of any person other than the owner, steals that property and is guilty of larceny.
Larceny of military property can then be broken into these separate elements under a “textual” approach:
(a) That the accused wrongfully took, obtained, or withheld certain property from the possession of the owner or of any other person;
(b) That the property belonged to a certain person;
(c) That the property was of a certain value, or of some value;
(d) That the taking, obtaining, or withholding by the accused was with the intent permanently to deprive or defraud another person of the use and benefit of the property or permanently to appropriate the property for the use of the accused or for any person other than the owner; and
(e) That the property was military property.
Para. 46b(l), Part IV, Manual for Courts-Martial, United States (2000 ed.) (emphasis added).[2]
Appellant was mistaken as to the first element, i.e., the lawfulness of his taking the contacts in general. This actus reus element requires only a general intent. Because there is no specific intent requirement in this element, the military judge was correct in charging the members that appellant’s mistake had to be both “honest and reasonable” in order to constitute a mistake of fact defense. Therefore, the lower court should be affirmed.
1. Mistake of Fact
Appellant asserts that the military judge incorrectly gave instructions regarding his mistake of fact defense. Mistake of fact is a defense that does not deny the accused committed the objective acts constituting the offense charged, but- denies, wholly or partially, criminal responsibility for those acts. See RCM 916(a), Manual, supra. RCM 916(j)(l) provides that ignorance or mistake of fact may be a defense as follows:[3]
Except as otherwise provided in this subsection, it is a defense to an offense that the accused held, as a result of ignorance or mistake, an incorrect belief of the true circumstances such that, if the circumstances were as the accused believed them, the accused would not be guilty of the offense. If the ignorance or mistake goes to an element requiring ... specific intent, ... the ignorance or mistake need only have existed in the mind of the accused. If the ignorance or mistake goes to any other element requiring only general intent ... the ignorance or mistake must have existed in the mind of the accused *10 and must have been reasonable under all the circumstances.
(Emphasis added.)
This case involves the interpretation of ROM 916(j)(l). If, as in this case, appellant contends there was a lawful taking, the actus reus element, he does not get the benefit under the Manual rule of only requiring an honest rather than honest and reasonable mistake as to the taking. Under para. 46b(l)(a) & (d), supra, the mens rea term does not modify the actus reus term, the taking in this case. Thus, the taking element is a general intent element, and RCM 916(j)(l) requires a mistake as to that element to be both honest and reasonable.
In interpreting the Manual, I will not look at the consequences of the actus reus and tie that into the intent element, that is, if there is a lawful taking, then there cannot be an intent to defraud or to permanently deprive the owner of the property. This overlooks the division between the actus reus and the mens rea. The issue in this case centers on the actus reus. Thus, the taking must be both honest and reasonable.
The key to understanding this case is to recognize that one can make a mistake as to a general intent actus reus element within a crime requiring specific intent as to another element. When applying the mistake of fact defense in such an instance, a two-step analysis should be performed:
(1) Does the mistake show that the specific intent was not in fact entertained by the defendant? If it does, then the normal specific intent rule applies, and an honest mistake is a defense.
(2) If the mistake does not show that the specific intent is lacking, then the normal general intent rule applies, and only an honest and reasonable mistake is a defense.
Peter W. Law, Criminal Law 125-26 (Rev. 1st ed.1990). The following example from Law, id. at 126, nicely illustrates this hybrid category within the mistake of fact defense: Assume you have a crime defined as “receiving criminal law books known to have been stolen.” The defendant knows he received stolen books, but believes the books to cover English literature. Does his mistake negate specific intent? It depends on the interpretation of “known to have been stolen.” If it means that the defendant must know both that the books were stolen and that they were criminal law books, then the mistake is a defense under the normal approach for specific intent. However, if the specific intent is interpreted to mean only that the defendant must know that the books were stolen, the normal rule for general intent offenses will apply and mistake will be a defense only if it is both honest and reasonable. The defendant’s mistake in this instance will apply to the general intent portion of the offense — to the mental state required to commit the actus reus of receiving criminal law books.
The Military Judges’ Benchbook also acknowledges this hybrid category within mistake of fact. It states: “Moreover, in some ‘specific intent’ crimes, the alleged ignorance or mistake may not go to the element requiring specific intent or knowledge, and thus may have to be both reasonable and honest.” Para. 5-11 at 745, Dept. of the Army Pamphlet 27-9 (Sept. 30, 1996)(Ignorance or Mistake of fact or Law-General Discussion).
2. Assigning Mens Rea
The Benchbook indicates that a textual analysis should be used to determine the appropriate mens rea when the mistake of fact defense is raised. It says: “[T]he military judge must carefully examine the elements of the offense, affirmative defenses, and relevant case law, in order to determine what standard applies.” Id. (emphasis added). For example, indecent assault is a specific intent offense only with regard to the element of the accused’s intent to gratify his sexual desires, not to the offense in general. See United States v. Garcia, 44 MJ 496 (1996).
Most crimes today require a particular mental state. Unfortunately, ascertaining which terms or elements of the offense the mens rea modifies can be a complicated task. Some endeavor to resolve this problem by applying a “grammatical interpretation” after the crime has been subdivided into its elements. Joshua Dressier, Understanding *11 Criminal Law § 10.05 at 107 (1987). The grammatical interpretation says that the “placement of a mens rea term at the beginning of the definition of a crime may be interpreted to imply that the word modifies every actus reus element that follows it____ If the mental element is placed between some of the actus reus terms, however, this may mean that the mens rea does not apply to the actus reus terms that precede it.” Id. (citing United States v. Yermian, 468 U.S. 68, 104 S.Ct. 2936, 82 L.Ed.2d 53 (1984)).
For example, Dressier defines rape as “intentional sexual intercourse by a male with a female not his wife without her consent.” Id. at 106 (emphasis added). The critical issue is whether the word “intentional” modifies the attendant circumstance of the victim’s lack of consent because the word is placed at the beginning of the statute. Walking through the textual and grammatical approaches, this statute breaks down into the following:
(a) intentional sexual intercourse with a female other than your wife; and
(b) intentional intercourse without consent.
Because the mens rea word “intentional” is at the front of the statute, it can apply to the remaining elements of the crime. Therefore, any honest mistake will constitute a valid defense in this instance because both elements of the crime require specific intent.
On the other hand, Article 120, UCMJ, 10 USC § 920, states: “Any person subject to this chapter who commits an act of sexual intercourse by force and without consent, is guilty of rape.” Under a textual analysis, rape is broken down into the following elements:
(a) The accused committed an act of sexual intercourse; and
(b) The act of sexual intercourse was done by force and without consent.
Here, the statutory language of the crime does not assign a specific intent mens rea to any of the elements. Therefore, only an honest and reasonable mistake will suffice because the entire crime is one of general intent. This is markedly different from the Dressier example given above. These fine distinctions make it imperative for a judge to walk carefully through all of the necessary steps before deciding which mistake of fact test to instruct on or apply.
A second rule of thumb is that “a mens rea term ordinarily modifies the ‘result’ and ‘conduct’ elements in the actus reus — e.g., the ‘killing’ in murder, the ‘sexual intercourse’ in rape,” and the “taking” in larceny — but not the attendant circumstances. Dressier, supra at 107.
3. Relevant Case Law
Within the armed forces, there exists a line of indecent assault cases that are on point in this instance. In United States v. Garcia, 43 MJ 686, 687 (A.F.Ct.Crim.App. 1995), the appellant, on several occasions, made unwelcome and uninvited comments to and physical contact with a subordinate. The appellant argued that at the time of the incidents, he felt that the victim had given consent by coming over to his room and drinking beer with him. Id. at 688. The court held that mistake of fact as to the consent of the victim was a defense to indecent assault. Id. at 689. However, the court went on to say: “Indecent assault is a specific intent offense only with regard to the element of the accused’s intent to gratify his sexual desires, not to the offense in general.” Id. (emphasis added). Thus, to be a defense, the appellant’s mistake as to his victim’s consent must have been both “honest and reasonable.” In this instance, the military judge concluded that the appellant’s belief that the woman was consenting was not reasonable. Id.
In United States v. McFarlin, 19 MJ 790, 792 (ACMR), pet. denied, 20 MJ 314 (CMA 1985), the appellant was also charged with indecent assault. The court reasoned that although indecent assault is a specific intent crime, the applicable standard in this instance for the mistake of fact defense was “honest and reasonable.” Id. at 793. Here, the appellant inferred that his victim consented due to a lack of verbal or physical response in any way, but this particular’ mistake did not relate to the appellant’s intent. Rather it related to another element of the *12 crime, namely, the presence or absence of the victim’s consent. Id.
United States v. Wooldridge, 49 MJ 513 (C.G.Ct.Crim.App.1998), again involves an indecent assault charge. In this case, the appellant entered the sleeping victim’s bedroom and sat on the floor staring at her. Id. at 514. After she awoke and was startled to find someone in her bedroom, she told the appellant to leave. He then asked if he could use her bathroom. She said yes, and he used the bathroom several times. In between each trip, he continued to ask the victim if he could sleep in her room. She said no every time. After his fifth trip to the bathroom, he removed his clothes, got in bed, and began to kiss and fondle the victim. Id. at 514. Mistake of fact was raised as an affirmative defense. The appéllant asserted that because the victim could have called for help each time he went to the bathroom, she was consenting to his acts. Id. at 515. The court held that although indecent assault entails one element requiring specific intent, the lack-of-consent element of the offense is a general intent element. Therefore, the mistake had to be both “honest and reasonable,” and the court held it was not. Id. at 514.
United States v. Peterson, 47 MJ 231 (1997), was decided by this Court. The Court held that where a person mistakes whether or not he has consent to enter another’s room and slips into bed and fondles the victim while she is sleeping, only an “honest and reasonable” mistake will constitute a valid defense. Id. at 234-35. This was so even though indecent assault entails one element requiring specific intent, because while the offensive touching was committed with the intent to satisfy the lust or sexual desires of the appellant, the consent element required only a general intent. Therefore, a mistake of fact defense on this element required both a subjective belief of consent and a belief that was reasonable under all of the circumstances. Id.
In Peterson, the Court noted that the first element of the offense of housebreaking, that the accused “unlawfully' entered a certain building or structure of a certain other person,” is a general intent element within the crime. Id. at 235. The Court also noted that the second element of housebreaking requires a specific intent to “enter with the intent to commit an offense.” Therefore, “[a]ny mistake-of-fact defense based upon [the] appellant’s belief of consent raised in respect to this element must have been both subjectively held and reasonable in light of all the circumstances.” Id.
4. Application to Appellant
Appellant argues that he honestly believed it was proper for any Air Force personnel with a valid prescription to receive contact lenses for free from the Air Force. He claims that nobody told him ordering contacts was allowed only in certain situations. He says he ordered the lenses openly and notoriously because he really did not think it was wrong. Appellant concedes, however, that his “mistake of fact defense did go directly to his knowledge — knowledge about whether or not Air Force personnel were entitled to free contact lenses with a valid prescription.” Final Brief at 13-14.
Similar to the Peterson and Garcia cases, the mistake in this case pertains to a general intent element within a specific intent crime — it relates to the wrongfulness of the taking. Thus, the military judge did not abuse his discretion by stating:
Okay. My analysis of the evidence and the offenses leads me to believe that a mistake-of-fact instruction that would be given would be general, rather than the one related to a specific intent.
I note that paragraph 5-11 of the Bench-book does give some guidance in that regard, and I note that it states as follows “... moreover, in some ‘specific intent’ crimes, the alleged ignorance or mistake may not go to the element requiring specific intent or knowledge, and thus may have to be both reasonable and hon-est____”
... I believe that the mistake concerning whether or not he was authorized to order contact lenses at government expense relates generally to the offense and is not related to that element which requires a specific intent. Therefore, I’m not going to give the instruction as propounded by *13 defense counsel____ What I am going to give is some modified version of the general intent version of mistake-of-fact.
The relevant case law supports the conclusion that the military judge correctly interpreted appellant’s mistake as one relating to “wrongful taking” in general. “Wrongful taking” is a general intent element within the crime of larceny. Therefore, only an “honest and reasonable” mistake of fact will suffice as an affirmative defense.
A mistake as to the fourth element, “the intent to permanently deprive,” seems unlikely in this situation. Contact lenses are not an item that an individual uses for a time and then returns. Defense counsel cites cases dealing with property that could feasibly have been borrowed for a time and then returned.[4] In the case at bar, however, such an analogy is rather far-fetched. Contact lenses are highly unique and individual; they are exposed to bodily fluids and generally are not returnable for health and hygiene reasons. Due to the sensitive nature of this product, it is highly unlikely that appellant did not intend to permanently deprive the Government of the lenses. Therefore, the only remaining element he could potentially have been mistaken about is the general wrongfulness of ordering the contacts in the first place.
Although defense counsel relies upon relevant case law, it is not on point. The underlying issue in some of the cases does involve a mistake of fact defense, but those decisions deal directly with an accused’s mistake relating to the specific intent “to permanently deprive.” The cases do not involve a “hybrid” case similar to the facts of Binegar. In other cases, the issue is a sua sponte concern, not an analysis of the appropriate mistake of fact test. For example, in United States v. Gillenwater, 43 MJ 10 (1995), the Court reversed the appellant’s conviction for wrongful appropriation of military property, holding that the lower court judge erred in refusing to give the court members any instruction on mistake of fact. Gillenwater, therefore, does not directly involve whether or not the mistake of fact test was correctly administered.
However, in Gillenwater, the Court examined the appropriate mistake of fact test, noting that the mistake applied to whether the appellant unlawfidly took or withheld the property “with the intent temporarily to deprive” the Government of the use of such property. Id. (emphasis added). We then determined that an “honest” mistake could negate the intent to steal. Id. There, the appellant’s supervisor allowed individuals to take tools home for personal use. The appellant thought that meant they could take them for as long as they wanted, provided they eventually returned them. Id. at 12. Therefore, the permission that the appellant thought he had did not pertain to the general intent to commit a wrongful act. Rather, it dealt with his specific intent to temporarily deprive. Id. at 13. This is noticeably a different factual situation than in the present case. Based on the record, it does not appear that appellant was ever mistaken as to the permanent deprivation. Contact lenses are generally not returnable or reusable. Additionally, in his brief, appellant does not rely on any part of the record to indicate that he intended to return the lenses in the future.
In United States v. Rowan, 4 USCMA 430, 16 CMR 4 (1954), the appellant was charged with larceny by check. The appellant was under the mistaken belief that he had money in the Kanawha Valley Bank to cover any checks he wrote. The Court concentrated on whether mistake of fact would be a defense at all. The main focus of the holding establishes that the test for mistake of fact with respect to larceny and larceny by false pretenses is the same, even though the language of the Manual for Courts-Martial appears to set up two different standards. Id. at 432-34, 16 CMR at 6-8. The Court held;
The requirement of a specific intent is found in military law as well as in the civilian sphere. A court-martial must find ... that the accused intended, at or after the time of the taking, permanently to *14 deprive the owner of the property in question---- Because that intent is required to make out the offense of larceny, it is commonly held that there is no such thing as a negligent larceny. An honest ignorance or mistake of fact may be a defense even though either was due to carelessness.
Id. at 434, 16 CMR at 8. This holding merely indicates that the specific intent to “permanently deprive” can be negated by an honest mistake. It does not address the mistake that pertains to a general intent element within a specific intent crime.
Defense counsel also cites United States v. Sicley, 6 USCMA 402, 20 CMR 118 (1955), claiming that the appellant’s mistake did not go to the specific intent to permanently deprive, but rather, it went to his belief that he was authorized to receive reimbursement for his wife’s travel, even though she did not use her ticket. The Court determined that “it is thus reasonable to assume ... that the findings of guilty of larceny were based not on an unlawful taking effected on February 2, but rather on the view that the accused acquired the necessary intent subsequently, and thereafter wrongfully withheld funds which he had acquired lawfully.” Id. at 407, 20 CMR at 123. The appellant received the money honestly and in good faith but formed the intent to steal the money at a later date. The Court then held, “Thus, we address ourselves to the question of whether an honest mistake of law may — in this setting — negate the inference of an intent permanently to deprive the Government of property.” Id. at 411, 20 CMR at 127. Again, this is a situation where the appellant’s mistake pertained to the specific intent to permanently deprive. Therefore, an honest mistake should be the standard applied.
Finally, in United States v. Turner, 27 MJ 217 (CMA 1988), the appellant was charged with larceny of two automobile engines. The central issue of the case was whether the appellant was prejudiced by the trial judge’s failure to give the defense-requested instruction on mistake of fact. Therefore, this ease is not on point, and reliance on it is misplaced. The appellant in Turner contended that he honestly believed the engines were not government property, and that he could therefore lawfully receive them. Id. at 218-19. The Court held that the appellant’s honest belief that he was entitled to the engines negated any specific intent to steal. Id. at 220. In the present case, however, appellant’s mistake was determined by the judge to apply to the element of wrongful taking, a general intent element, within the crime of larceny. Therefore, an honest and reasonable mistake was the correct standard.
Assuming arguendo that the judge did err, any error was harmless. The record indicates that appellant did not hold an “honest” mistake regarding whether or not he could order contact lenses for all Air Force personnel. His claim of an honest mistake is refuted by his conduct in ordering contact lenses for his friends. Appellant wrote out his friends’ names in code on the order forms. He spelled the names backwards and left out a letter or added a letter in some instances. If he honestly believed his actions to be lawful, there would be no need to alter his friends’ names. Additionally, when a valid order for lenses was generated, a special form came back with the lenses. Not once did this form accompany appellant’s friends’ lenses. He worked there long enough to notice this difference. Therefore, even if the military judge did instruct the members incorrectly and appellant’s mistake need only have been “honest,” the guilty conviction would still stand because there is no evidence that appellant held an honest belief that his actions were lawful.
For all of the foregoing reasons, I respectfully dissent.

. See, e.g., United States v. McFarlin, 19 MJ 790, 793 (ACMR), pet. denied, 20 MJ 314 (CMA 1985)(holding that although indecent assault is a specific intent crime, the applicable standard as to mistake of fact about victim's consent to acts charged is honest and reasonable mistake); United States v. Wooldridge, 49 MJ 513, 514 (C.G.Ct. Crim.App.1998) (defendant's mistake as to victim’s consent in an indecent assault case must be both honest and reasonable); Simmons v. United States, 554 A.2d 1167, 1170 (D.C.App.1989) (holding that robbery is a specific intent crime; however, taking property without right requires only a general intent).

. All Manual provisions are identical to the version in effect at the time of appellant’s trial unless otherwise indicated.

. This provision was denominated RCM 916(j) at the time of appellant’s trial but was otherwise identical to the version above.

. See generally United States v. Gillenwater, 43 MJ 10 (1995); United States v. Turner, 27 MJ 217 (CMA 1988); United States v. Sicley, 6 USCMA 402, 20 CMR 118 (1955).