Judge ERDMANN
delivered the opinion of the Court.
Pursuant to his pleas, Appellant was convicted of two specifications of violating a *147 lawful order and two specifications of adultery in violation of Articles 92 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 892, 934 (2002). Contrary to his pleas, a general court-martial composed of officer and enlisted members convicted Appellant of an additional specification of violating a lawful order and an additional specification of adultery. The adjudged and approved sentence provided for a bad-conduct discharge, confinement for forty-five (45) days, forfeiture of all pay and allowances, and reduction to Private El. With the exception of certain modifications to the forfeiture not relevant to this appeal, the Army Court of Criminal Appeals affirmed the findings and sentence in a memorandum opinion.
On Appellant’s petition, we granted review of the following issue:
WHETHER THE MILITARY JUDGE ERRED BY INFORMING THE PANEL MEMBERS THAT APPELLANT HAD PLEADED GUILTY TO SOME OFFENSES BUT NOT OTHERS
For the reasons set forth below, we conclude that the military judge erred and reverse.

FACTS

Appellant was a twenty-four year-old married sergeant with approximately six years of service and, at all times relevant to the charges and specifications in this case, was assigned to the Defense Language Institute Foreign Language Center at the Presidio of Monterey, California. In his capacity as a training noncommissioned officer, Appellant was tasked with establishing training schedules and events for students.
In June of 1996, the Commander of the Defense Language Institute issued a policy memorandum on relationships with students, prohibiting staff members involved in training or evaluation from forming nonprofessional relationships with students. Nonprofessional relationships with students were defined as including, but not being limited to, dating, drinking, gambling, borrowing or loaning money and engaging in sexual activities.
Appellant was tried in May 1999 for alleged violations of: Article 92 (four specifications) for violating the above-referenced command policy by engaging in nonprofessional relationships with Private First Class (PFC) AC, Private (PVT) SG, PFC MB and Private E-2 (PV2) CA; Article 93, UCMJ, 10 U.S.C. § 893 (2002) (three specifications) for making offensive and sexual overtures to PFC AC and PFC NW; Article 125, UCMJ, 10 U.S.C. § 925 (2002) (two specifications) for consensual sodomy with PV2 CA;[1] and Article 134 (four specifications) for indecent assault upon PFC AC and adultery with PFC AC, PVT E-2 CA and Specialist CB.
At the commencement of his trial, Appellant entered mixed pleas with respect to the charges. He pleaded guilty to two of the four Article 92 specifications (PFC AC and PFC CB) and two of the three adultery specifications under Article 134 (PFC AC and PFC CB). He pleaded not guilty to the remaining charges and specifications.
Following her providence inquiry and entry of the guilty findings, the military judge engaged in the following exchange with counsel:
MJ: Please be seated [The accused and his counsel did as directed.] Captain Bogie, I believe that we have the members called for at 0915?
TC: That is correct, Your Honor.
MJ: Okay. Let’s take up some administrative matters right now. Do we have an extra copy of the flyer that we can have marked as an appellate exhibit and has a copy of that been provided to the defense?
DC: No, Your Honor. The defense doesn’t even have a copy of the flyer.
MJ: Why don’t we just go ahead and use my copy here. Captain Salerno, please approach. [The defense counsel did as directed.] Take a moment to review that. [The military judge hands the defense counsel a copy of the flyer.]
*148 DC: Your Honor, the copy of the flyer that you just provided to me still contains a list of the specifications to which Sergeant Kaiser just pled guilty. Is it your— is it that—
MJ: If you take a look at Page 46 of DA Pam 27-9, you’ll note that the members are informed that that has occurred. That’s why those specifications remain on it. Okay?
DC: That’s fine.
MJ: Captain Salerno, any objection?
DC: No objection, Your Honor.
MJ: Okay. Let’s go ahead and have a copy of that marked as an appellate exhibit. We can do that on the break. Just make sure that goes into the record____
Following preliminary instructions and voir dire of the panel, the military judge advised the members as follows:
MJ: Please be seated. Court members, at an earlier session, the accused pled guilty to several specifications. I’d like you to take out your flyer, so that you can just place a mark next to those. He pled guilty to Specification 2 of Charge I and Specification — I’m sorry, Specification 1 of Charge I and Specification 3 of Charge I; if you’d just place a small mark next to those. And then if you’d go down to Charge IV, he pled guilty to Specification 2 of that Charge and guilty to Specification 4 of that Charge. And he pled not guilty to all other specifications and charges. You are advised that findings by the court members will not be required on those specifications to which the accused has already been found guilty pursuant to his plea. I inquired into the providence of his plea of guilty to those specifications and found his plea to be provident, accepted it, and entered findings of guilty on those specifications that I have just gone over with you. Findings will be required, however, as to the charges and specifications to which the accused has pled not guilty. Does any member have a question?
[The members indicated a negative response.]
Are both sides ready to proceed?
TC: Yes, Your Honor.
DC: Yes, Your Honor.
The court-martial proceeded from that point, with Appellant electing to testify in his defense. The members found Appellant guilty of an Article 92 violation and an Article 134 violation with PVT E-2 CA. He was found not guilty of an Article 92 violation with respect to PVT SG, not guilty of the Article 93 specifications involving PFC AC and PFC NW, not guilty of the Article 125 specifications involving PVT E-2 CA and not guilty of the Article 134 indecent assault specification involving PFC AC.

DISCUSSION

The military judge openly advised the court members at the commencement of the trial that Appellant had pleaded guilty to some of the charges, but not guilty to others. When defense counsel raised a question about the inclusion on the flyer of the specifications to which Appellant had pleaded guilty, the military judge advised him that those specifications remained because the Military Judges’ Benchbook required that the members be informed of the guilty pleas. See Military Judges’ Benchbook: Legal Services, Dep’t of the Army, Pamphlet 27-9, Military Judges’ Benchbook 28, 46 (1996) [hereinafter Benchbook][2].
The Benchbook does not contain such a requirement. The Benchbook provides the following instruction after a plea is accepted:
The MJ should not inform the court members of plea and findings of guilty prior to presentation of the evidence on another specification to which the accused pled not guilty, unless the accused requests it or the guilty plea was to an LIO [Lessor Included Offense] and the prosecution intends to prove the greater offense. Unless one of these two exceptions exist, the flyer should not have any specifieations/eharges *149 which reflect provident guilty pleas if other offenses are being contested.
See Benchbook at 29.
Contrary to the military judge’s statement that the Benchbook directs notification of the court members of guilty pleas as a matter of course, such notification is directed only when specifically requested by the accused. In the absence of a specific request by the accused or circumstances involving an LIO, “the flyer should not have any specifications/charges which reflect provident guilty pleas if other offenses are being contested.” Id.
The provisions of the Benchbook are consistent with and reflect the requirements of Rule for Courts-Martial 913(a) [hereinafter R.C.M.]:
(a) Preliminary Instructions. The military judge may give such preliminary instructions as may be appropriate. If mixed pleas have been entered, the military judge should ordinarily defer informing the members of the offenses to which the accused pleaded guilty until after the findings on the remaining contested offenses have been entered.
This same directive to ordinarily defer informing members of guilty pleas in mixed plea cases is also found in the discussion under R.C.M. 910(g), which relates to the entry of findings. Finally, the discussion under R.C.M. 913(a) makes it clear that “[ejxeeptions to the rule requiring the military judge to defer informing the members of an accused’s prior pleas of guilty include cases in which the accused has specifically requested, on the record, that the military judge instruct the members of the prior pleas of guilty” and cases involving guilty pleas to an LIO.
The current rule is based in part on this Court’s decision in United States v. Rivera, 23 M.J. 89 (C.M.A.1986), where we held that the military judge erred in advising the members at the outset of the trial that the accused had earlier pleaded guilty to certain of the charged offenses. See also United States v. Smith, 23 M.J. 118 (C.M.A.1986)(in the usual ease, no lawful purpose is served by informing members prior to findings about any charges to which an accused has pleaded guilty); United States v. Davis, 26 M.J. 445 (C.M.A.1988)(the practice of informing members of guilty pleas provides a fertile area for assertion of error on appeal and can serve no useful purpose).
The law in this area is clear — in a mixed plea case, in the absence of a specific request made by the accused on the record, members of a court-martial should not be informed of any prior pleas of guilty until after findings on the remaining contested offenses are made. This rule is long-standing and embodied in the Benchbook, R.C.M. 910(g), R.C.M. 913(a) and our decisions in Smith, Rivera, and Davis.
The military judge therefore erred in the present case by providing a flyer to the panel that contained the specifications to which Appellant had pleaded guilty. There was no specific request made by Appellant that such advance notification be given to the members.[3]
As noted in Davis, such an error does not always mandate a reversal:
Where, however, admission of evidence does not violate the accused’s constitutional rights, reversal is not required if we determine that the error was not prejudicial, i.e., if the finder of fact was not influenced by it or if it had only a slight effect on resolution of the case. United States v. Barnes, 8 M.J. 115 (C.M.A.1979).
26 M.J. at 449-50 (footnote omitted). As we further acknowledged in Davis: “Error of constitutional dimensions requires either automatic reversal or an inquiry into whether, beyond a reasonable doubt, the error did not contribute to the defendant’s conviction or sentence.” 26 M.J. at 449 n. 4 (citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, *150 17 L.Ed.2d 705 (1967); United States v. Moore, 1 M.J. 890 (C.M.A.1976)).
The error here directly implicates the presumption of innocence and specifically the effect that advance notification to members of guilty pleas in a mixed plea case has on that presumption. The presumption of innocence is a longstanding feature of both military and civilian law. It is a critical part of our tradition of justice and deeply imbedded in our culture as well as our systems of justice. United States v. Washington, 57 M.J. 394, 402 (C.A.A.F.2002)(Baker, J., concurring).
In strict legal terms, the presumption of innocence flows from the fundamental right to a fair trial: “The right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment. Drope v. Missouri, 420 U.S. 162, 172, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice.” Estelle v. Williams, 425 U.S. 501, 503, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). As reflected in the language of Article 51(c)(1), UCMJ, 10 U.S.C. § 851(e)(1) (2002), the presumption of innocence is directly related to the requirement that guilt be established by legal and competent evidence beyond a reasonable doubt. Put another way, the presumption of innocence embodies the principle that “one accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial.” Taylor v. Kentucky, 436 U.S. 478, 485, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978).
Appellant was entitled to a presumption of innocence throughout his trial. He had a right to have his guilt or innocence of the contested specifications determined by the members solely on the basis of legal and competent evidence introduced at trial and not on other grounds, i.e., his pleas of guilty to other similar specifications. Id.; Article 51(e)(1).
In this case, the panel was handed a flyer indicating that Appellant had been charged with thirteen separate specifications of criminal conduct and was then told that Appellant had already pleaded guilty to some of the specifications. They were not advised at that time of the legal effect of those guilty pleas, but instead heard trial counsel intimate that they might serve as a basis for “inferring” something.[4]
The circumstances under which the members were advised of Appellant’s guilty pleas formed a part of the “filter” through which they viewed the evidence presented at trial and posed a heightened risk that the members felt invited, consciously or subconsciously, to draw an impermissible inference from Appellant’s guilty pleas. Cf. United States v. Riley, 47 M.J. 276, 280 (C.A.A.F.1997)(discussing effect of impermissible comments at outset of trial on right to remain silent).
Finally, we note that Appellant was found not guilty of all of the “dissimilar” offenses (i.e., the maltreatment, indecent assault and consensual sodomy specifications), but guilty of the “similar” specifications (i.e., violation of a lawful order and adultery).
The Government has suggested that any error here is harmless, as the rules of evidence would have permitted introduction of evidence of the misconduct underlying the guilty pleas, independent of any notification to the members of the actual pleas themselves. See Rivera, 23 M.J. at 96 (discussing potential admissibility of such evidence under Military Rule of Evidence 404(b) and under cross-examination). While the rules of evidence may well allow for that possibility, we decline to speculate as whether or in-what manner such evidence might have been brought to the attention of the members.
*151 Based on our review of the record and circumstances present in this ease, we conclude that the military judge’s decision to advise the members that Appellant had pleaded guilty to some offenses but not others, in the absence of any specific request to that effect made by Appellant on the record, was not harmless error.[5]

CONCLUSION

Accordingly, the decision of the Army Court of Criminal Appeals is reversed and the findings of guilty on Charge I, Specification 4 and Charge IV, Specification 3 are set aside. The sentence is set aside. The record of trial is returned to the Judge Advocate General for remand to the Court of Criminal Appeals. That court may dismiss the specifications and reassess the sentence or it may order a rehearing.

. Private E-2 CA is identified as “PVT E-2 [CA]” under Specification 4 of Charge I (Violation of Order) and Specification 3 of Charge IV (Adultery), but is also identified as “PFC [CA]” in Specifications 1 and 2 of Charge III (Sodomy).

. Republished as Military Judges' Benchbook: Legal Services, Dep’t of the Army, Pamphlet 27-9, Military Judges’ Benchbook 29, 47 (2001) [hereinafter Benchbook]. The referenced provisions are identical to those in effect at the time of trial.

. The defense counsel did point out to the military judge that the flyer contained the guilty pleas, but he was cut off with a firm but clearly erroneous assertion that such a disclosure was required by the Benchbook. Given those circumstances and the nature of the military judge’? error (i.e., failure to secure an affirmative request from the accused, on the record, for her actions), we conclude that the error is preserved for our review.

. Trial counsel made reference to the guilty pleas in his opening statement, initially asking the members to "separate that from [their] mind[s]” and indicating that the government was "proving different charges.” However, trial counsel went on to state: "[you] may be able to make some inferences, but the fact that [Appellant] pled guilty to those does not alone prove the remainder of the charges.”

. We make no determination as to whether the error here is constitutional or non-constitutional in nature. We hold simply that the error was not harmless under either standard. See United States v. Alameda, 57 M.J. 190, 199-200 (C.A.A.F. 2002) (comparing standards).