# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

## UNITED STATES OF AMERICA

v.

## GERALD O. HENDERSON
## LIEUTENANT JUNIOR GRADE (O-2), U.S. NAVY

### NMCCA 201300140
### GENERAL COURT-MARTIAL

**Sentence Adjudged**: 19 December 2012.
**Military Judge**: CAPT John Waits, JAGC, USN.
**Convening Authority**: Commander, Navy Region Southeast, Jacksonville, FL.
**Staff Judge Advocate's Recommendation**: CAPT M.C. Holifield, JAGC, USN.
**For Appellant**: Capt David Peters, USMC.
**For Appellee**: Capt Matthew Harris, USMC.

### 24 April 2014

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

The appellant entered mixed pleas at a trial by general court-martial with officer members. Pursuant to his pleas, the military judge found the appellant guilty of one specification of violating a lawful general order in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The members then convicted the appellant, contrary to his pleas, of one specification of attempted wrongful sexual contact and, as a lesser included offense to the charged offense of aggravated sexual contact, one specification of wrongful sexual contact in

violation of Articles 80 and 120, UCMJ (2008), 10 U.S.C. §§ 880 and 920.  The members sentenced the appellant to three months' confinement, forfeiture of all pay and allowances, and a dismissal.  The convening authority (CA) approved the sentence as adjudged, and except for the dismissal, ordered the sentence executed.

The appellant raises two assignments of error: (1) that the military judge abused his discretion by failing to instruct the members on the affirmative defense of consent, and; (2) that the appellant was denied due process of law because the CA failed to consider ethnicity when selecting the court-martial members.

After careful consideration of the record of trial, the appellant's assignments of error, and the pleadings and oral arguments of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

## Background

In November of 2011, while serving aboard USS THE SULLIVANS (DDG 68), the appellant left the ship for a night ashore in Rota, Spain, with several fellow officers.  After returning to the ship intoxicated, he encountered Fireman (FN) CL, a junior Sailor who had also been drinking earlier that evening.  During this encounter, the appellant told FN CL that he wished he had more to drink, at which time she offered him vodka that she had hidden in her backpack.  They went to the weapons office, shared a drink, and engaged in conversation that FN CL described as "flirting."  Record at 453.  As the conversation progressed, FN CL stood up to get her bag from elsewhere in the room, walking past the appellant while doing so.  As she passed, the appellant pulled her into his lap and kissed her.  FN CL testified that at this point she kissed him back "for a second," but then turned away and said she needed to leave.  *Id*. at 423.  After she turned her head, the appellant continued to kiss her on the neck and cheek, and then pushed her shirt up and kissed her breasts.  *Id.*  FN CL told the appellant to stop, attempted to push his head away with her hands, and stood up to leave.  *Id*. at 424.  The appellant pulled her back into his lap and attempted to put his hands down the front of her pants.  *Id*.  FN CL eventually pushed herself away from the appellant and exited the room.  *Id*. at 425.

Additional facts necessary for the resolution of particular assignments of error are included below.

2

**Instructions on Consent**

The appellant contends that the military judge's failure to instruct the members on the affirmative defense of consent created constitutional error that was not harmless beyond a reasonable doubt. We disagree.

At trial, the military judge discussed his intentions for instructions. Although trial defense counsel requested an instruction on both the affirmative defense of consent and mistake of fact as to consent, ultimately the military judge decided to only give the mistake of fact instruction, finding that "while mistake of fact as to consent might be a reasonable inference from the evidence, I don't see where, as it relates to the charges and specifications, that the issue of consent was raised by some evidence." *Id.* at 654. However, the military judge's ruling was, for all practical purposes, limited to the charged offense of aggravated sexual contact under Article 120(e), UCMJ. *Id.* at 658. The lesser included offense of wrongful sexual contact has as an element that the act was committed "without that other person's permission . . . ." Article 120b(13)(b), UCMJ (2008). When instructing the member's on this element the military judge stated:

> The term "without permission" in the elements of wrongful sexual contact, alleged to have been attempted in the Specification of Charge I, and in the lesser included offense of Charge III, means without consent.

*Id.* at 690. The military judge then gave the members the standard definitions and instructions as to what does and does not constitute consent. *Id.* at 690-91.

Whether a panel was properly instructed is a question of law this court reviews *de novo*. *United States* v. *Lewis*, 65 M.J. 85, 87 (C.A.A.F. 2007). A military judge is required to instruct the members on affirmative defenses "in issue." *Id.* A matter is considered "'in issue' when some evidence, without regard to its source or credibility, has been admitted upon which members might rely if they choose." RULE FOR COURTS-MARTIAL 920(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Discussion; *see also United States v. Gillenwater*, 43 M.J. 10, 13 (C.A.A.F. 1995). When the instructional error raises constitutional implications, the error is tested for prejudice using a "harmless beyond a reasonable doubt" standard. *Lewis*,

3

65 M.J. at 88.  The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is "'whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence.'"  *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005) (quoting *United States v. Kaiser*, 58 M.J. 146, 149 (C.A.A.F. 2003)).

Assuming without deciding that the appellant met the "some evidence" standard, and that the military judge erred by not instructing the members that consent was an affirmative defense to aggravated sexual contact, the appellant's acquittal to that offense rendered any such error harmless beyond a reasonable doubt.

We reach this conclusion by noting first that the statutory defense of consent listed in Article 120(r), UCMJ, distinguishes wrongful sexual contact from those other offenses under the statute involving force or circumstances where the victim cannot or is unable to consent to the sexual conduct.  Second, and keeping in mind the burden allocation under the 2008 Manual, we find it illogical that Congress would first require the prosecution to prove lack of consent beyond a reasonable doubt, only to then require an accused to shoulder the burden of proving consent by a preponderance of the evidence, and then require the prosecution to disprove the affirmative defense of consent beyond a reasonable doubt—-essentially the same burden the prosecution carried at the onset.  *See* Article 120(r) and (t)(16), UCMJ.  We presume that Congress did not intend such an illogical interpretation of the offense under Article 120(m), and the affirmative defense under Article 120(r) and t(16), UCMJ.  *See, e.g., Ricci v. DeStefano*, 557 U.S. 557, 580 (2009) (holding that courts must avoid interpreting a statutory provisiion in a way that renders other provisions of the statute meaningless or "a dead letter") (citing *United States v. Atlantic Research Corp.*, 551 U.S. 128, 137 (2007)).  Instead, we find that Congress intended to except the affirmative defense of consent from the offense of wrongful sexual contact.

Lastly, assuming that the affirmative defense of consent was available for Article 120(m), UCMJ, we would find no prejudice to the appellant.  The military judge instructed the panel that, to find the appellant guilty of the attempted offense in Charge I and the lesser included offense in Charge III, they must be convinced beyond a reasonable doubt that the sexual contact either attempted or committed was without the consent of FN FC.  Record at 687-90.  The panel's guilty finding

4

to this element forecloses the possibility of any reasonable doubt that FC consented to the sexual contact.

## Selection of Members

The appellant next asserts that the CA deprived him of a fair and impartial panel by refusing to consider potential panel members' race when weighing the experience requirement set forth in Article 25, UCMJ. Again, we disagree.

The appellant, an African-American, was originally scheduled to be tried before a panel that included one officer who identified his race as both "African-American (Black)" and "Caucasian (White)," a second officer who identified his race only as "African-American (Black)," Appellate Exhibit XVII at 1, 14, and seven "Caucasian" officers. However, on the eve of trial, the appellant fired his civilian attorney, thus forcing a three-month delay in his court-martial. During the delay, both officers with African-American heritage became unavailable and were replaced. Upon learning that the new panel consisted entirely of white officers, the appellant requested that the CA detail new members that included "racial diversity." Record at 144. The CA denied that request. AE XV at 4.

The appellant then filed a motion challenging the selection of members as violative of Article 25, UCMJ, and requested that the military judge stay the proceedings and order the CA to detail two members of the appellant's race to the court-martial. AE XVI. After hearing testimony from both the CA and his staff judge advocate that the members were selected on a race-neutral basis, and that neither of them was aware of the appellant's ethnicity, or the racial composition of either panel until the motion was filed, the military judge denied the appellant's motion, specifically finding no evidence of systematic exclusion or that the panel was improperly selected. On appeal, the appellant now argues that "[r]ace and ethnicity are inexorably a part of an individual's experience" and that CA's must "consider race to give full effect to the meaning of 'experience' as an Article 25 criteria." Appellant's Brief of 3 Sep 2013 at 31-32.

Whether a panel is properly selected is a matter of law that this court reviews *de novo*. *United States* v. *Gooch*, 69 M.J. 353, 358 (C.A.A.F. 2011) (citing *United States* v. *Dowty*, 60 M.J. 163, 171 (C.A.A.F. 2004)). A defendant has both a constitutional and regulatory right to a fair and impartial panel. *Id.* at 357 (citation omitted). When selecting a panel, a CA must select members who, in the CA's opinion, are best

qualified for the duty by reason of age, education, training, experience, length of service and judicial temperament. Art. 25, UCMJ.

We know of no authority that requires a CA to consider a potential member's race when choosing a court-martial panel. Although such consideration is permissible as part of "'good faith attempts to be inclusive and to require representativeness,'" the consideration of race is not required. *Gooch*, 69 M.J. at 358 (quoting *Dowty*, 60 M.J. at 171). Accordingly, we decline the appellant's invitation to find that the race-neutral approach used by the CA amounts to improper member selection. Because the record shows that the CA utilized the proper Article 25 criteria when selecting the panel, we reject the appellant's contention that his right to a fair and impartial panel was violated.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court