IN THE CASE OF


UNITED STATES, Appellee

v.

Charles D. BINEGAR, Senior Airman
U.S. Air Force, Appellant

No. 00-0207


Crim. App. No. 32854

United States Court of Appeals for the Armed Forces

Argued October 10, 2000

Decided May 4, 2001

SULLIVAN, J., delivered the opinion of the Court, in which EFFRON
and BAKER, JJ., joined. GIERKE, J., filed an opinion concurring
in the result.  CRAWFORD, C.J., filed a dissenting opinion.

<u>Counsel</u>


For Appellant:  <u>Captain Bryan A. Bonner</u> (argued); <u>Colonel Jeanne M. Rueth</u> (on
    brief).


For Appellee:  <u>Major Jennifer R. Rider</u> (argued); <u>Colonel Anthony P. Dattilo</u>
    and <u>Lieutenant Colonel Ronald A. Rodgers</u> (on brief).


Military Judge:  Gregory Michael


<u>THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION</u>.

Judge SULLIVAN delivered the opinion of the Court.

In March of 1997, appellant was tried by a general court-martial composed of officer members at Hanscom Air Force Base in Massachusetts.  Contrary to his pleas, he was found guilty of four specifications of stealing contact lenses which were military property of the United States, and one specification of conspiring to steal those contact lenses, in violation of Articles 121 and 81, Uniform Code of Military Justice, 10 USC §§ 921 and 881, respectively.  On March 28, 1997, he was sentenced to a bad-conduct discharge, 3 months of hard labor without confinement, and forfeiture of $300 pay per month for 3 months. The convening authority approved this sentence on July 24, 1997, and the Court of Criminal Appeals affirmed on November 1, 1999, in an unpublished opinion.

This Court granted review in this case on two issues on April 12, 2000.  They ask:

> I.  WHETHER THE MILITARY JUDGE ERRED IN NOT ALLOWING DEFENSE COUNSEL TO ELICIT STATE OF MIND HEARSAY EVIDENCE OF APPELLANT FROM A WITNESS.
>
> II.  WHETHER THE MILITARY JUDGE ERRED IN PROVIDING THE COURT MEMBERS A MISTAKE OF FACT INSTRUCTION WHERE THE COURT MEMBERS HAD TO FIND THAT APPELLANT'S MISTAKE OF FACT WAS BOTH "HONEST AND REASONABLE" INSTEAD OF JUST "HONEST."

We hold that Issue I need not be decided in this case because, relying on United States v. Turner, 27 MJ 217 (CMA 1988), we must

reverse this case on Issue II.  See United States v. Gillenwater, 43 MJ 10 (1995).

Evidence was admitted in this case that shows that in September 1995, appellant began work in the Medical Logistics Office at Hanscom Air Force Base, Massachusetts.  One of his duties was to order contact lenses for servicemembers who brought a prescription from the base Optometry Clinic to the Medical Logistics Office.  Personnel who needed contact lenses to perform their duties or for a medical condition were entitled to receive them free of charge.  Other personnel had to obtain contact lenses off-base and pay for the lenses themselves. (R. 99)

It was also shown that Air Force regulations governed the process of ordering contact lenses at the Medical Logistics Office. (R. 165)  The Optometry Clinic was required to produce a purchase letter for all prescriptions sent to the Medical Logistics Office. (R. 99-102)  If the lenses were required "for the performance of duties," the Logistics Office was to code the purchase order with a "fund cite" indicating the servicemember's section.  If, however, the lenses were required for a medical condition, the Optometry Clinic fund cite was used. (R. 113, 172-73)  Once a month, the office generated reports of how many lenses had been billed to each account. (R. 103, 310-11)

Evidence was further admitted that appellant's supervisors neglected to follow these procedures with any regularity.  The

Optometry Clinic rarely generated purchases letters, and Medical Logistics would order contact lenses without them.  One of appellant's supervisors, Senior Master Sergeant (SMSgt) Kremer, testified that he believed at one time that all clinic personnel were entitled to free contact lenses, even if not medically required. (R. 298, 302, & 320)  In fact, SMSgt Kremer instructed appellant to sign a purchase order for him to get free lenses soon after appellant began work at Medical Logistics. (R. 293-94)  SMSgt Kremer did not provide appellant with a purchase letter or prescription for his lenses, although he testified that he later discussed with appellant a clarified command policy requiring a medical reason for contact lenses with some exceptions. (R. 321)

Finally, evidence was admitted that appellant continued to order contact lenses, filing the appropriate purchase orders and keeping his paperwork in order. [1]  Appellant's supervisors never reviewed the monthly reports to determine whether lenses were being billed to the proper accounts.  Moreover, appellant's supervisors failed to provide appellant with formal training or specific guidelines for any of these procedures. (R. 320)  The next supervisor of the office, Staff Sergeant (SSgt) Smith, even authorized appellant to sign purchase orders for him between October 1995 to January 1996. (R. 149, 161)  Appellant signed SSgt Smith's name to over 90% of the purchase orders filed between September 1995 and March 1996.  Neither SSgt Smith nor

---

[1] Some evidence was admitted that several purchase orders contained the first names of the soldiers receiving the lenses,

his predecessor, SMSgt Kremer, ever told appellant that he was doing his job improperly.  Furthermore, appellant had public conversations concerning his conduct in ordering contact lenses with the servicemembers for whom he ordered those lenses.

The record of trial shows the following concerning the defense's request for a mistake of fact instruction:

> MJ:  Now, concerning the proposed mistake-of-fact instruction, I'll hear from you first, defense counsel, since it's your request.
>
> DC:  Your Honor, the defense requests that a mistake-of-fact defense be given in this case.  Defense believes the issue has been raised and defense believes the issue's been raised due to the testimony of-- basically every witness at this court-martial except for Airman Beasley, whose testimony was not--and Airman Danieli.  But every other witness, we believe, had something to say which would lead the court members and lead anyone to believe that there could have been a mistake in this case.
>
> MJ:  Let me stop you there, counsel.  I agree that a mistake-of-facts instruction of some sort should be given.  So would you like to append as Appellate Exhibit X your proposed instruction?
>
> DC:  Yes, sir.  I have typed up--as far as the wording of the instruction.  However, as far as the witnesses, I did not put them in there.  I can type up a complete one, but--or else we can append this, Your Honor.  I don't know how you would like-- those are the witnesses I'd like referred to in the instruction as to--to give them an idea of why it's been raised.

---

but spelled backwards. (R. 88)  The importance of that fact was disputed. (R. 142-43)

MJ:  All right, well, I can certainly mark this as Appellate Exhibit X.  I note this relates to specific intent.

DC:  Yes, Your Honor.

MJ:  Is the government in agreement with what has been marked as Appellate Exhibit X, which is ignorance, or mistake with specific intent or actual knowledge is an issue.

TC:  No, sir.  The language we agreed on was only to the extent that we could characterize what the mistake was.  And I believe that was a blank page with just a short paragraph on "you must determine whether the accused was mistaken," et cetera.  That was the language that we agreed on to be instructed as to what the mistake was.  But the government's position is that the mistake-of-fact defense should be raised as a general intent crime because it involves whether it was just wrongful, or in this case that would be required to be honest and reasonable.  So--

MJ:  Well, what you're suggesting is that the mistake doesn't necessarily go to the issue of specific intent to permanently deprive; is that the idea, trial counsel?

TC:  That's correct, sir, because we don't believe it fits the specific intent element of the offense itself.

MJ:  Defense counsel?

DC:  Your Honor, defense requests that the instruction be given without the instruction regarding "it must be reasonable."  The offense is larceny, which is a specific intent crime.  And the fact that Airman Binegar is charged with permanently depriving the Air Force of basically contact lenses, we believe that's what he's defending against.  And I believe, in general, since this is a specific intent offense and since it's the defense's responsibility to defend against that offense, the fact that--I believe it's relevant, Your Honor, that he's defending against not only permanently

deprive--with the intent to permanently deprive the Air Force of contact lenses. And I do not--the defense does not believe that that has to be a reasonable--the defense would have to be reasonable in this case. And we ask that the instruction be given without the limiting factor of, "would have to be reasonable," Your Honor.

MJ: Okay. My analysis of the evidence and the offenses leads me to believe that a mistake-of-fact instruction that would be given would be general, rather than the one related to a specific intent.

I note that paragraph 5-11 of the Benchbook does give some guidance in that regard, and I note that it states as follows ". . . moreover, in some 'specific intent' crimes, the alleged ignorance or mistake may not go to the element requiring specific intent or knowledge, and thus may have to be both reasonable and honest . . ."

The court feels in this particular instance that the mistake--or mistaken belief, as it were--of the accused, goes generally to the offense of larceny itself, whether that larceny be a specific intent larceny or, quite frankly, even if it were a wrongful appropriation larceny. I believe that the mistake concerning whether or not he was authorized to order contact lenses at government expense relates generally to the offense and is not related to that element which requires a specific intent. Therefore, I'm not going to give the instruction as propounded by defense counsel, shown in Appellate Exhibit X, although this will be attached to the record of trial.

What I am going to give is some modified version of the general intent version of mistake-of-fact. I would ask, at the next recess, that counsel try and pull together the final draft of what that instruction would encompass based upon this ruling.

(R. 361-63) (emphasis added).

The military judge gave the following instructions in this case:

> As to the various charges, the evidence has raised the issue of ignorance or mistake on the part of the accused concerning whether he was under the mistaken belief that he was authorized to order contact lenses at government expense with a purchase order from military members who provided him only a prescription from the Optometry Clinic. <u>If the accused mistakenly believed that he was authorized to order contact lenses at government expense with a purchase order for military members who provided him only a prescription from the Optometry Clinic, he is not guilty of the offense of larceny or conspiracy to commit larceny if his ignorance or belief was reasonable. To be reasonable, the ignorance or belief must have been based upon information or lack of it which would indicate to a reasonable person that he was authorized to order contacts at government expense. Additionally, the ignorance or mistake cannot be based on a negligent failure to discover the true facts.</u>
>
> In resolving this issue, you should consider the accused's age, education, and rank along with the testimony of Senior Master Sergeant Kremer, Staff Sergeant Smith, Captain Bleuel, Staff Sergeant Allen, Staff Sergeant Smith, Airman Basic Maurice, Special Agent Collazo, Staff Sergeant McGee, Senior Airman Antoine, Airman First Class Marsh, Senior Airman Vallee, and Mr. Yenger.
>
> The burden is on the prosecution to establish the accused's guilt. If you are convinced beyond a reasonable doubt that at the time of the charged offenses the accused was not ignorant of a fact or under the mistaken belief that he was authorized to order contact lenses at government expense with a purchase order for military members who provided him only a prescription from the Optometry Clinic, the defense of ignorance or mistake of

> fact does not exist.  Even if you conclude
> that the accused was ignorant of the fact
> or the mistaken belief that he was
> authorized to order contact lenses at
> government expense or the purchase order
> for military members who provided him only
> a prescription from the Optometry Clinic,
> <u>if you are convinced beyond a reasonable
> doubt that at the time of the charged
> offenses the accused's ignorance or
> mistake was unreasonable, the defense of
> ignorance or mistake of fact does not
> exist</u>.

(R. 381-82) (emphasis added).

___ ___ ___

Appellant contends that the military judge at his court-martial erred in refusing to give an "honest" mistake-of-fact instruction as requested by the defense.  We note that the military judge made this ruling because he concluded appellant's purported mistake of fact went to a matter unrelated to the specific intent required for conviction of larceny under Article 121, UCMJ.  Accordingly, citing Paragraph 5-11 of the Military Judges' Benchbook (Dept. of the Army Pamphlet 27-9 (Sept. 30, 1996)), he concluded that an honest and reasonable mistake as to such a fact was required and so instructed the members.  The Court of Criminal Appeals likewise concluded that this was a correct instruction because the purported mistake "concerned the wrongfulness of the appellant's taking, whether he had permission to order the contacts [, and] this is a general intent element and appellant's belief must have been reasonable under all the circumstances."  Unpub. op. at 5.  We disagree.  <u>United States v. Turner</u>, 27 MJ at 220 (holding that honest mistake of fact as to a

superior's permission to dispose of government property is a defense to larceny).

The military judge's instructional decision on the defense of mistake-of-fact was generally based on his reading of Paragraph 5-11 of the Military Judges' Benchbook.   It states in pertinent part:

### 5-11 IGNORANCE OR MISTAKE OF FACT OR LAW-GENERAL DISCUSSION

\*   \*   \*

The standard for ignorance or mistake of fact varies with the nature of the elements of the offense involved.  <u>If the ignorance or mistake concerns an element of an offense involving specific intent (e.g., desertion, larceny)</u>, willfulness (<u>e.g.</u>, willful disobedience of an order), knowledge (<u>e.g.</u>, assault upon commissioned officer, failure to obey lawful order), or premeditation, <u>the ignorance or mistake need only exist in the mind of the accused</u>.  Generally, for crimes not involving specific intent, willfulness, knowledge, or premeditation, (<u>e.g.</u>, AWOL) ignorance or mistake must be both honest (actual) and reasonable.  Extreme care must be exercised in using this test, however, as ignorance or mistake in some "general intent" crimes need only be honest to be a defense.  (<u>See</u> <u>e.g.</u>, Instruction 5-11-4, <u>Ignorance or Mistake in Drug Offenses</u>.)  <u>Moreover, in some "specific intent" crimes, the alleged ignorance or mistake may not go to the element requiring specific intent or knowledge, and thus may have to be both reasonable and honest</u>.  Consequently, the military judge must carefully examine the elements of the offense, affirmative defenses, and relevant case law, in order to determine what standard applies.

United States v. Binegar, 00-0207/AF

This Court has suggested a similar rule in United States v. Peterson, 47 MJ 231, 234-35 (1997), and United States v. Garcia, 44 MJ 496, 498 (1996); cf. United States v. Tucker, 14 USCMA 376, 380, 34 CMR 156, 160 (1964) (honest mistake of fact applies where mistake made is to facts essential to the existence of the necessary mens rea, i.e., specific intent).

Article 121, UCMJ, states:

> (a)  Any person subject to this chapter who wrongfully takes, obtains, or withholds, by any means, from the possession of the owner or of any other person any money, personal property, or article of value of any kind—
>
> (1) with intent permanently to deprive or defraud another person of the use and benefit of property or to appropriate it to his own use or the use of any person other than the owner, steals that property and is guilty of larceny;

(Emphasis added.)  We have long recognized that this codal article requires the Government to prove beyond a reasonable doubt that an accused had a specific intent to steal.  Moreover, it also has long been recognized that an honest mistake of fact as to a soldier's entitlement or authorization to take property is a defense to a charge of larceny under this codal provision. See United States v. Sicley, 6 USCMA 402, 410-13, 20 CMR 118, 26-29 (1955); United States v. Rowan, 4 USCMA 430, 16 CMR 4 (1954). We have recently reiterated this holding.  United States v. Gillenwater, 43 MJ 10 (1995); United States v. Turner, supra; United States v. Ward, 16 MJ 341, 346 (CMA 1983).

The military judge in appellant's case did not acknowledge this case law in applying the Benchbook rule.  See generally United States v. Tucker, supra (recognizing similar rule to Benchbook that mistake must be about essential facts related to specific intent in larceny case).  Moreover, he did not explain why appellant's averred mistake as to his authority to issue contact lenses did not undermine a specific intent on his part to permanently deprive the Government of this property.  Contra United States v. Turner, supra.  His exclusive reliance on the relevance of the mistaken fact to a so-called general "intent" element was misplaced.  The pertinent inquiry is whether the purported mistake concerns a fact which would preclude the existence of the required specific intent.  See generally 1 Wayne R. LaFave & Austin W. Scott, Substantive Criminal Law § 5.1(b) at 577 (1986).

This Court's opinions in Peterson (mistake as to consent in housebreaking case) and Garcia (mistake as to sexual consent in indecent assault case) also do not support the trial judge's ruling.  They addressed mistakes as to facts which were completely unrelated to the specific intents at issue in those non-larceny cases.  Moreover, those decisions do not suggest in any way that a military superior's permission to his subordinate to dispose of government property to other servicemembers is that type of fact, i.e., one unrelated to a specific intent of that subordinate to steal from the Government.  See LaFave & Scott,

supra; United States v. Sicley, supra at 413.  Accordingly, we must find legal error.

Turning to the question of harmless error, we conclude that appellant was materially prejudiced by the "honest and reasonable" mistake-of-fact instruction actually given in this case.  Article 59(a), UCMJ, 10 USC § 859(a).  First of all, the prosecution-requested instruction placed a lesser burden on the Government to prove appellant's guilt because it could now secure his conviction by disproving either the honesty or the reasonableness of appellant's mistake.  Moreover, trial counsel exploited the erroneous instruction by calling this government option to the attention of the members during deliberations.  He said:

> And that leads us to the defense of mistake of fact for all of these contacts. As the judge instructed you, there must be two different things here:  One is, was this mistake honest; namely, did Airman Binegar really have this mistake?  And, number two is:  Was this mistake reasonable?  Because regardless of whether Airman Binegar thought this, if it was not reasonable, the defense still does not exist.  The government has disproven this mistake beyond a reasonable doubt.

(R. 391) (emphasis added).  Finally, the Government presented a substantial case on the unreasonableness of appellant's conduct in this case (R. 390-91), creating a reasonable possibility that the members resolved this case against appellant on this basis. See United States v. Ward, supra at 347.

The decision of the United States Air Force Court of Criminal Appeals is reversed. [2] The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

---

[2] Appellant was also charged with and found guilty of conspiring with another servicemember to steal contact lenses, in violation of Article 81, Uniform Code of Military Justice. As noted above, the military judge also gave the erroneous mistake of fact instruction with respect to this offense. (R. 381-82)

GIERKE, Judge (concurring in the result):

It has been said that "[n]o area of the substantive criminal law has traditionally been surrounded by more confusion than that of ignorance or mistake of fact or law." 1 Wayne R. LaFave & Austin W. Scott, Substantive Criminal Law § 5.1(b) at 575 (1986). No doubt, this confusion arises in larceny cases because larceny has a specific intent element. See, e.g., United States v. Gillenwater, 43 MJ 10, 12 (1995) (judge erroneously failed to give mistake of fact instruction, believing that appellant's mistake related only to a "'lack of the element' of intent"). Even the Supreme Court has recognized that the "venerable distinction" between general intent and specific intent "has been the source of a good deal of confusion." United States v. Bailey, 444 U.S. 394, 403 (1980).

For the reasons set out below, I agree with the majority's conclusion that the military judge erred by instructing the members that appellant's asserted mistake of fact was required to be both honest and reasonable. However, I reach that conclusion by a different route than the majority.

The statutory elements of larceny are (1) a wrongful taking, obtaining, or withholding; and (2) an intent permanently to do one of the following: (a) "deprive . . . another person of the use and benefit of property"; (b) "defraud another person of the use and benefit of property"; (c) "appropriate it [the property] to his own use"; or (d) "appropriate it to . . . the use of any

person other than the owner[.]" Art. 121, UCMJ, 10 USC § 921.
Although the term does not appear in the statute, "[t]hese
intents are collectively called an intent to steal." Para.
46c(1)(f)(1)(i), Part IV, Manual for Courts-Martial, United
States (2000 ed.).[1] The first element of this offense requires
only general intent. See United States v. Simmons, 554 A.2d
1167, 1170 (D.C.App. 1989). The second element requires specific
intent. See United States v. Turner, 27 MJ 217, 220 (CMA 1988).

This Court previously has recognized the distinction between
general intent and specific intent elements in other offenses.
See United States v. Peterson, 47 MJ 231, 234-35 (1997) (indecent
assault includes both a general intent assault element and a
specific intent element to satisfy the lust or sexual desires of
the accused). RCM 916(j), Manual, supra, also recognizes this
distinction. It provides:

> If the ignorance or mistake goes to an element requiring
> premeditation, specific intent, willfulness, or knowledge
> of a particular fact, the ignorance or mistake need only
> have existed in the mind of the accused. If the
> ignorance or mistake goes to any other element requiring
> only general intent or knowledge, the ignorance or
> mistake must have existed in the mind of the accused and
> must have been reasonable under all the circumstances.

In order to avoid further confusion in this complex area of
law, I believe that this Court must focus on the precise
significance of an appellant's claimed mistake of fact and ask
two questions: (1) What is the specific fact about which the
appellant claims to have been mistaken? and (2) To what element

---

[1] All Manual provisions are the same as the version in effect at the time of

or elements does that specific fact relate?  The majority resolves this case by focusing on the second element of larceny. Chief Judge Crawford's dissent focuses on the first element.[2]  In my view, appellant's asserted mistake of fact in this case relates to both elements: (1) the wrongfulness of his act of obtaining the contact lenses; and (2) his specific intent to defraud the United States by issuing the contact lenses to persons who were not entitled to them.

Appellant asserted a mistake as to his authority to order the contact lenses for applicants who had prescriptions from the Optometry Clinic, but who had no documentation that the contact lenses were required for performance of duty.  Appellant denied having both the general intent to wrongfully order the contact lenses **and** the specific intent to defraud the United States by ordering them for persons who were not entitled to them.

The majority opinion correctly states the rule: If the mistake goes to an element requiring only general intent, the mistake must be both honest and reasonable.  However, if the

---

appellant's court-martial.

[2] I agree with Chief Judge Crawford that this Court's decisions in United States v. Gillenwater, 43 MJ 10 (1995), and United States v. Turner, 27 MJ 217 (CMA 1988), do not control the decision in this case, because those decisions did not examine the correctness of an instruction. Instead, they turned on the military judge's failure to give any instruction on mistake of fact.  In both cases, the asserted mistake of fact, if honest, would have negated the requisite specific intent. I also agree with Chief Judge Crawford's conclusion that United States v. Rowan, 4 USCMA 430, 433, 16 CMR 4, 7 (1954), and United States v. Sicley, 6 USCMA 402, 20 CMR 118 (1955), address only the specific intent element of larceny and do not address the general intent element. Finally, although not mentioned by Chief Judge Crawford, I also believe that United States v. Ward, 16 MJ 341, 346 (CMA 1983), does not address the first statutory element of larceny but, instead, turns on the second element, i.e., specific intent.

3

mistake goes to an element requiring specific intent, the mistake need only be honest, i.e., exist in the mind of the accused.

Applying this rule in the present case, I believe that the military judge should have instructed the panel members that appellant's mistake need only have been honest. If this case involved only a question of appellant's general authority to order contact lenses, then the military judge's instruction would have been correct. However, appellant's asserted mistake of fact also raised the question of appellant's specific intent to defraud the United States by issuing contact lenses to persons who were not entitled to them. If appellant honestly believed he was authorized to order the lenses for persons who had no documentation showing that the contact lenses were required for duty, then he had no specific intent to defraud the United States.

Of course, appellant's mistake-of-fact defense did not require two separate instructions, with one pertaining to the general intent element and one pertaining to the specific intent element. Although the asserted mistake of fact went to both elements, an instruction pertaining to the specific intent element would have subsumed an instruction pertaining to the general intent element.

Because the members were not correctly instructed regarding the legal effect of appellant's asserted honest mistake of fact

on his specific intent to defraud the United States, I join the majority in reversing the decision below.

CRAWFORD, Chief Judge (dissenting):

I would hold that the military judge did not abuse his discretion by instructing the members that appellant's mistake related to the general intent element of "wrongful taking" and that the mistake had to be both "honest and reasonable."  Giving tens of free contact lenses to individuals not entitled to government contact lenses was neither honest nor reasonable.  If the judge did err, any error was harmless because the record does not support the conclusion that appellant ever made an honest mistake of fact.

## Facts

In September 1995, appellant began working in the Medical Logistics Office at Hanscom AFB clinic.  Through the Medical Logistics Office, entitled personnel could obtain free contact lenses.  Air Force personnel are entitled to free lenses if the lenses are required to perform their duties or if needed for a medical reason.  All other personnel must order their contact lenses off base and pay for them out of their own pocket.

Appellant ordered lenses for his friends, irrespective of their eligibility, if they had a valid prescription.  He did not make them hand over the prescription.  They merely had to tell him what it was.  Conversations occurred in the open about this practice.  Appellant alleged that nobody thought it was unusual to order contact lenses.  However, appellant reversed the spelling of

the names of certain individuals on the purchase orders that he prepared. Additionally, evidence shows that the clinic would generate a local purchase request letter in all cases in which the military member was <u>authorized</u> to obtain contact lenses at government expense. Yet, there were no local purchase request letters generated for the contact lenses ordered by appellant for his friends.

## Analysis

While perhaps appearing simple on its face, this issue requires a bit more complex analysis. That analysis involves recognition that there may be both general and specific intent elements. Well-established case law supports the conclusion that appellant's mistake had to be both "honest and reasonable" in order to constitute a valid defense, because it related only to the general intent "taking" element within the crime of larceny.[1]

This Court's standard of review with respect to member instructions is abuse of discretion. See <u>United States v.</u>

---

[1] <u>See, e.g.</u>, <u>United States v. McFarlin</u>, 19 MJ 790, 793 (ACMR), <u>pet. denied</u>, 20 MJ 314 (CMA 1985)(holding that although indecent assault is a specific intent crime, the applicable standard as to mistake of fact about victim's consent to acts charged is honest and reasonable mistake); <u>United States v. Wooldridge</u>, 49 MJ 513, 514 (C.G.Ct.Crim.App. 1998) (defendant's mistake as to victim's consent in an indecent assault case must be both honest and reasonable); <u>Simmons v. United States</u>, 554 A.2d 1167, 1170 (D.C. App. 1989) (holding that robbery is a specific intent crime; however, taking property without right requires only a general intent).

United States v. Binegar, No. 00-0207/AF

Damatta-Olivera, 37 MJ 474, 478 (CMA 1993)(citing United States v. Smith, 34 MJ 200 (CMA 1992)). The test to determine if denial of a requested instruction constitutes error is whether (1) the charge is correct; (2) "it is not substantially covered in the main charge"; and (3) "it is on such a vital point in the case that the failure to give it deprived defendant of a defense or seriously impaired its effective presentation." Id. (quoting United States v. Winborn, 14 USCMA 277, 282, 34 CMR 57, 62 (1963)).

In order to arrive at the proper end in this case, a series of analytical steps must be taken. The starting point is the larceny statute itself. A textual analysis of the statute should be performed to break out every actus reus element and then assign it a particular mens rea — either general or specific intent. The next step is to determine what element of the crime the alleged mistake pertains to and appoint the appropriate mistake of fact test accordingly. For example, this case deals with larceny, which Article 121, Uniform Code of Miliary Justice, 10 USC § 921, defines as follows:

> Any person subject to this chapter who wrongfully takes, obtains, or withholds, by any means, from the possession of the owner or of any other person any money, personal property, or article of value of any kind with intent permanently to deprive or defraud another person of the use and benefit of property or to appropriate it to his own use or the use of any person other than the owner, steals that property and is guilty of larceny.

3

Larceny of military property can then be broken into these separate elements under a "textual" approach:

(a) That the accused wrongfully took, obtained, or withheld certain property from the possession of the owner or of any other person;

(b) That the property belonged to a certain person;

(c) That the property was of a certain value, or of some value;

(d) That the taking, obtaining, or withholding by the accused was <u>with the intent permanently to deprive</u> or defraud another person of the use and benefit of the property or permanently to appropriate the property for the use of the accused or for any person other than the owner; and

(e) That the property was military property.

Para. 46b(1), Part IV, Manual for Courts-Martial, United States (2000 ed.) (emphasis added).[2]

Appellant was mistaken as to the first element, <u>i.e.</u>, the lawfulness of his <u>taking the contacts in general</u>. This <u>actus reus</u> element requires only a general intent. Because there is no specific intent requirement in this element, the military judge was correct in charging the members that appellant's mistake had to be both "honest and reasonable" in order to constitute a mistake of fact defense. Therefore, the lower court should be affirmed.

---

[2] All Manual provisions are identical to the version in effect at the time of appellant's trial unless otherwise indicated.

**1. Mistake of Fact**

Appellant asserts that the military judge incorrectly gave instructions regarding his mistake of fact defense. Mistake of fact is a defense that does not deny the accused committed the objective acts constituting the offense charged, but denies, wholly or partially, criminal responsibility for those acts. See RCM 916(a), Manual, supra. RCM 916(j)(1) provides that ignorance or mistake of fact may be a defense as follows:[3]

> Except as otherwise provided in this subsection, it is a defense to an offense that the accused held, as a result of ignorance or mistake, an incorrect belief of the true circumstances such that, if the circumstances were as the accused believed them, the accused would not be guilty of the offense. If the ignorance or mistake goes to an element requiring ... specific intent,... the ignorance or mistake need only have existed in the mind of the accused. If the ignorance or mistake goes to any other element requiring only general intent ... the ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances.

(Emphasis added.)

This case involves the interpretation of RCM 916(j)(1). If, as in this case, appellant contends there was a lawful taking, the actus reus element, he does not get the benefit under the Manual rule of only requiring an honest rather than honest and reasonable mistake as to the taking. Under para. 46b(1)(a)&(d), supra, the mens rea term does not modify

---

[3] This provision was denominated RCM 916(j) at the time of appellant's trial but was otherwise identical to the version above.

5

the <u>actus</u> <u>reus</u> term, the taking in this case.  Thus, the taking element is a general intent element, and RCM 916(j)(1) requires a mistake as to that element to be both honest and reasonable.

In interpreting the Manual, I will not look at the consequences of the <u>actus</u> <u>reus</u> and tie that into the intent element, that is, if there is a lawful taking, then there cannot be an intent to defraud or to permanently deprive the owner of the property.  This overlooks the division between the <u>actus</u> <u>reus</u> and the <u>mens</u> <u>rea</u>.  The issue in this case centers on the <u>actus</u> <u>reus</u>.  Thus, the taking must be both honest and reasonable.

The key to understanding this case is to recognize that one can make a mistake as to a general intent <u>actus</u> <u>reus</u> element within a crime requiring specific intent as to another element.  When applying the mistake of fact defense in such an instance, a two-step analysis should be performed:

> (1) Does the mistake show that the specific intent was not in fact entertained by the defendant?  If it does, then the normal specific intent rule applies, and an honest mistake is a defense.

> (2) If the mistake does not show that the specific intent is lacking, then the normal <u>general intent</u> rule applies, and only an honest and reasonable mistake is a defense.

Peter W. Law, <u>Criminal Law</u> 125-26 (Rev. 1st ed. 1990).  The following example from Law, <u>id</u>. at 126, nicely illustrates this hybrid category within the mistake of fact defense:  Assume you

6

have a crime defined as "receiving criminal law books known to have been stolen."  The defendant knows he received stolen books, but believes the books to cover English literature.  Does his mistake negate specific intent?  It depends on the interpretation of "known to have been stolen."  If it means that the defendant must know both that the books were stolen and that they were criminal law books, then the mistake is a defense under the normal approach for specific intent.  However, if the specific intent is interpreted to mean only that the defendant must know that the books were stolen, the normal rule for general intent offenses will apply and mistake will be a defense only if it is both honest and reasonable.  The defendant's mistake in this instance will apply to the general intent portion of the offense—to the mental state required to commit the actus reus of receiving criminal law books.

The Military Judges' Benchbook also acknowledges this hybrid category within mistake of fact.  It states:  "Moreover, in some 'specific intent' crimes, the alleged ignorance or mistake may not go to the element requiring specific intent or knowledge, and thus may have to be both reasonable and honest."  Para. 5-11 at 745, Dept. of the Army Pamphlet 27-9 (Sept. 30, 1996)(Ignorance or Mistake of fact or Law-General Discussion).

**2. Assigning Mens Rea**

The Benchbook indicates that a textual analysis should be used to determine the appropriate mens rea when the mistake of fact defense is raised.  It says: "[T]he military judge must carefully examine the elements of the offense, affirmative defenses, and relevant case law, in order to determine what standard applies."  Id. (emphasis added).  For example, indecent assault is a specific intent offense only with regard to the element of the accused's intent to gratify his sexual desires, not to the offense in general.  See United States v. Garcia, 44 MJ 496 (1996).

Most crimes today require a particular mental state. Unfortunately, ascertaining which terms or elements of the offense the mens rea modifies can be a complicated task.  Some endeavor to resolve this problem by applying a "grammatical interpretation" after the crime has been subdivided into its elements.  Joshua Dressler, Understanding Criminal Law § 10.05 at 107 (1987).  The grammatical interpretation says that the "placement of a mens rea term at the beginning of the definition of a crime may be interpreted to imply that the word modifies every actus reus element that follows it....  If the mental element is placed between some of the actus reus terms, however, this may mean that the mens rea does not apply to the actus reus

terms that precede it."  Id. (citing United States v. Yermian, 468 U.S. 63 (1984)).

For example, Dressler defines rape as "intentional sexual intercourse by a male with a female not his wife without her consent."  Id. at 106 (emphasis added).  The critical issue is whether the word "intentional" modifies the attendant circumstance of the victim's lack of consent because the word is placed at the beginning of the statute.  Walking through the textual and grammatical approaches, this statute breaks down into the following:

(a)  intentional sexual intercourse with a female other than your wife; and

(b)  intentional intercourse without consent.

Because the mens rea word "intentional" is at the front of the statute, it can apply to the remaining elements of the crime. Therefore, any honest mistake will constitute a valid defense in this instance because both elements of the crime require specific intent.

On the other hand, Article 120, UCMJ, 10 USC § 920, states: "Any person subject to this chapter who commits an act of sexual intercourse by force and without consent, is guilty of rape." Under a textual analysis, rape is broken down into the following elements:

(a)  The accused committed an act of sexual intercourse; and

(b)   The act of sexual intercourse was done by force and without consent.

Here, the statutory language of the crime does not assign a specific intent mens rea to any of the elements.  Therefore, only an honest and reasonable mistake will suffice because the entire crime is one of general intent.  This is markedly different from the Dressler example given above.  These fine distinctions make it imperative for a judge to walk carefully through all of the necessary steps before deciding which mistake of fact test to instruct on or apply.

A second rule of thumb is that "a mens rea term ordinarily modifies the 'result' and 'conduct' elements in the actus reus — e.g., the 'killing' in murder, the 'sexual intercourse' in rape," and the "taking" in larceny — but not the attendant circumstances.  Dressler, supra at 107.

### 3. Relevant Case Law

Within the armed forces, there exists a line of indecent assault cases that are on point in this instance.  In United States v. Garcia, 43 MJ 686, 687 (A.F.Ct.Crim.App. 1995), the appellant, on several occasions, made unwelcome and uninvited comments to and physical contact with a subordinate.  The appellant argued that at the time of the incidents, he felt that the victim had given consent by coming over to his room and drinking beer with him.  Id. at 688.  The court held that

10

mistake of fact as to the consent of the victim was a defense to indecent assault. Id. at 689. However, the court went on to say: "Indecent assault is a specific intent offense only with regard to the element of the accused's intent to gratify his sexual desires, not to the offense in general. Id. (emphasis added). Thus, to be a defense, the appellant's mistake as to his victim's consent must have been both "honest and reasonable." In this instance, the military judge concluded that the appellant's belief that the woman was consenting was not reasonable. Id.

In United States v. McFarlin, 19 MJ 790, 792 (ACMR), pet. denied, 20 MJ 314 (CMA 1985), the appellant was also charged with indecent assault. The court reasoned that although indecent assault is a specific intent crime, the applicable standard in this instance for the mistake of fact defense was "honest and reasonable." Id. at 793. Here, the appellant inferred that his victim consented due to a lack of verbal or physical response in any way, but this particular mistake did not relate to the appellant's intent. Rather it related to another element of the crime, namely, the presence or absence of the victim's consent. Id.

United States v. Wooldridge, 49 MJ 513 (C.G.Ct.Crim.App. 1998), again involves an indecent assault charge. In this case, the appellant entered the sleeping victim's bedroom and sat on

11

the floor staring at her.  Id. at 514.  After she awoke and was startled to find someone in her bedroom, she told the appellant to leave.  He then asked if he could use her bathroom.  She said yes, and he used the bathroom several times.  In between each trip, he continued to ask the victim if he could sleep in her room.  She said no every time.  After his fifth trip to the bathroom, he removed his clothes, got in bed, and began to kiss and fondle the victim.  Id. at 514.  Mistake of fact was raised as an affirmative defense.  The appellant asserted that because the victim could have called for help each time he went to the bathroom, she was consenting to his acts.  Id. at 515.  The court held that although indecent assault entails one element requiring specific intent, the lack-of-consent element of the offense is a general intent element.  Therefore, the mistake had to be both "honest and reasonable," and the court held it was not.  Id. at 514.

United States v. Peterson, 47 MJ 231 (1997), was decided by this Court.  The Court held that where a person mistakes whether or not he has consent to enter another's room and slips into bed and fondles the victim while she is sleeping, only an "honest and reasonable" mistake will constitute a valid defense.  Id. at 234-35.  This was so even though indecent assault entails one element requiring specific intent, because while the offensive touching was committed with the intent to satisfy the lust or

sexual desires of the appellant, the consent element required only a general intent.  Therefore, a mistake of fact defense on this element required both a subjective belief of consent and a belief that was reasonable under all of the circumstances.  Id.

In Peterson, the Court noted that the first element of the offense of housebreaking, that the accused "unlawfully entered a certain building or structure of a certain other person," is a general intent element within the crime.  Id. at 235.  The Court also noted that the second element of housebreaking requires a specific intent to "enter with the intent to commit an offense." Therefore, "[a]ny mistake-of-fact defense based upon [the] appellant's belief of consent raised in respect to this element must have been both subjectively held and reasonable in light of all the circumstances."  Id.

#### 4. Application to Appellant

Appellant argues that he honestly believed it was proper for any Air Force personnel with a valid prescription to receive contact lenses for free from the Air Force.  He claims that nobody told him ordering contacts was allowed only in certain situations.  He says he ordered the lenses openly and notoriously because he really did not think it was wrong. Appellant concedes, however, that his "mistake of fact defense did go directly to his knowledge — knowledge about whether or

13

not Air Force personnel were entitled to free contact lenses with a valid prescription." Final Brief at 13-14.

Similar to the Peterson and Garcia cases, the mistake in this case pertains to a general intent element within a specific intent crime---it relates to the wrongfulness of the taking. Thus, the military judge did not abuse his discretion by stating:

> Okay. My analysis of the evidence and the offenses leads me to believe that a mistake-of-fact instruction that would be given would be general, rather than the one related to a specific intent.
>
> I note that paragraph 5-11 of the Benchbook does give some guidance in that regard, and I note that it states as follows "... moreover, in some 'specific intent' crimes, the alleged ignorance or mistake may not go to the element requiring specific intent or knowledge, and thus may have to be both reasonable and honest...."
>
> ... I believe that the mistake concerning whether or not he was authorized to order contact lenses at government expense relates generally to the offense and is not related to that element which requires a specific intent. Therefore, I'm not going to give the instruction as propounded by defense counsel.... What I am going to give is some modified version of the general intent version of mistake-of-fact.

The relevant case law supports the conclusion that the military judge correctly interpreted appellant's mistake as one relating to "wrongful taking" in general. "Wrongful taking" is a general intent element within the crime of larceny. Therefore, only an "honest and reasonable" mistake of fact will suffice as an affirmative defense.

A mistake as to the fourth element, "the intent to permanently deprive," seems unlikely in this situation. Contact lenses are not an item that an individual uses for a time and then returns. Defense counsel cites cases dealing with property that could feasibly have been borrowed for a time and then returned.[4] In the case at bar, however, such an analogy is rather far-fetched. Contact lenses are highly unique and individual; they are exposed to bodily fluids and generally are not returnable for health and hygiene reasons. Due to the sensitive nature of this product, it is highly unlikely that appellant did not intend to permanently deprive the Government of the lenses. Therefore, the only remaining element he could potentially have been mistaken about is the general wrongfulness of ordering the contacts in the first place.

Although defense counsel relies upon relevant case law, it is not on point. The underlying issue in some of the cases does involve a mistake of fact defense, but those decisions deal directly with an accused's mistake relating to the specific intent "to permanently deprive." The cases do not involve a "hybrid" case similar to the facts of Binegar. In other cases, the issue is a sua sponte concern, not an analysis of the appropriate mistake of fact test. For example, in United States

---

[4] See generally United States v. Gillenwater, 43 MJ 10 (1995); United States v. Turner, 27 MJ 217 (CMA 1988); United States v. Sicley, 6 USCMA 402, 20 CMR 118 (1955).

15

v. Gillenwater, 43 MJ 10 (1995), the Court reversed the appellant's conviction for wrongful appropriation of military property, holding that the lower court judge erred in refusing to give the court members any instruction on mistake of fact. Gillenwater, therefore, does not directly involve whether or not the mistake of fact test was correctly administered.

However, in Gillenwater, the Court examined the appropriate mistake of fact test, noting that the mistake applied to whether the appellant unlawfully took or withheld the property "with the intent temporarily to deprive" the Government of the use of such property. Id. (emphasis added). We then determined that an "honest" mistake could negate the intent to steal. Id. There, the appellant's supervisor allowed individuals to take tools home for personal use. The appellant thought that meant they could take them for as long as they wanted, provided they eventually returned them. Id. at 12. Therefore, the permission that the appellant thought he had did not pertain to the general intent to commit a wrongful act. Rather, it dealt with his specific intent to temporarily deprive. Id. at 13. This is noticeably a different factual situation than in the present case. Based on the record, it does not appear that appellant was ever mistaken as to the permanent deprivation. Contact lenses are generally not returnable or reusable. Additionally,

16

in his brief, appellant does not rely on any part of the record to indicate that he intended to return the lenses in the future.

In United States v. Rowan, 4 USCMA 430, 16 CMR 4 (1954), the appellant was charged with larceny by check. The appellant was under the mistaken belief that he had money in the Kanawha Valley Bank to cover any checks he wrote. The Court concentrated on whether mistake of fact would be a defense at all. The main focus of the holding establishes that the test for mistake of fact with respect to larceny and larceny by false pretenses is the same, even though the language of the Manual for Courts-Martial appears to set up two different standards. Id. at 432-34, 16 CMR at 6-8. The Court held:

> The requirement of a specific intent is found in military law as well as in the civilian sphere. A court-martial must find ... that the accused intended, at or after the time of the taking, permanently to deprive the owner of the property in question.... Because that intent is required to make out the offense of larceny, it is commonly held that there is no such thing as a negligent larceny. An honest ignorance or mistake of fact may be a defense even though either was due to carelessness.

Id. at 434, 16 CMR at 8. This holding merely indicates that the specific intent to "permanently deprive" can be negated by an honest mistake. It does not address the mistake that pertains to a general intent element within a specific intent crime.

17

Defense counsel also cites United States v. Sicley, 6 USCMA 402, 20 CMR 118 (1955), claiming that the appellant's mistake did not go to the specific intent to permanently deprive, but rather, it went to his belief that he was authorized to receive reimbursement for his wife's travel, even though she did not use her ticket. The Court determined that "it is thus reasonable to assume ... that the findings of guilty of larceny were based not on an unlawful taking effected on February 2, but rather on the view that the accused acquired the necessary intent subsequently, and thereafter wrongfully withheld funds which he had acquired lawfully." Id. at 407, 20 CMR at 123. The appellant received the money honestly and in good faith but formed the intent to steal the money at a later date. The Court then held, "Thus, we address ourselves to the question of whether an honest mistake of law may — in this setting — negate the inference of an intent permanently to deprive the Government of property." Id. at 411, 20 CMR at 127. Again, this is a situation where the appellant's mistake pertained to the specific intent to permanently deprive. Therefore, an honest mistake should be the standard applied.

Finally, in United States v. Turner, 27 MJ 217 (CMA 1988), the appellant was charged with larceny of two automobile engines. The central issue of the case was whether the appellant was prejudiced by the trial judge's failure to give

the defense-requested instruction on mistake of fact. Therefore, this case is not on point, and reliance on it is misplaced. The appellant in Turner contended that he honestly believed the engines were not government property, and that he could therefore lawfully receive them. Id. at 218-19. The Court held that the appellant's honest belief that he was entitled to the engines negated any specific intent to steal. Id. at 220. In the present case, however, appellant's mistake was determined by the judge to apply to the element of wrongful taking, a general intent element, within the crime of larceny. Therefore, an honest and reasonable mistake was the correct standard.

Assuming arguendo that the judge did err, any error was harmless. The record indicates that appellant did not hold an "honest" mistake regarding whether or not he could order contact lenses for all Air Force personnel. His claim of an honest mistake is refuted by his conduct in ordering contact lenses for his friends. Appellant wrote out his friends' names in code on the order forms. He spelled the names backwards and left out a letter or added a letter in some instances. If he honestly believed his actions to be lawful, there would be no need to alter his friends' names. Additionally, when a valid order for lenses was generated, a special form came back with the lenses. Not once did this form accompany appellant's friends' lenses.

19

He worked there long enough to notice this difference. Therefore, even if the military judge did instruct the members incorrectly and appellant's mistake need only have been "honest," the guilty conviction would still stand because there is no evidence that appellant held an honest belief that his actions were lawful.

　　For all of the foregoing reasons, I respectfully dissent.